Submitted November 15, 1978, affirmed March 19, 1979

GORHAM, *Petitioner,*
*v.*
ROSEBURG EDUCATION ASSOCIATION,
*Respondent.*
(ERB No. C-72-77, CA 11595)
592 P2d 228

G. Anne Gorham, Umpqua, filed the brief pro se for petitioner.

Robert D. Durham and Kulongoski, Heid, Durham & Drummonds, Eugene, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner appeals from a determination by the Employment Relations Board (ERB) that her deeply-held, nonreligious beliefs do not fall within the statutory exemption from fair share payments to labor organizations. ORS 243.666(1).

Respondent Roseburg Education Association (Association) contends, first, that there is no final order by ERB from which petitioner may appeal; and second, that the statutory exemption is valid as construed by ERB.

Petitioner was first employed by Douglas County School District No. 4 (District) for the 1976-1977 school year. District and Association are parties to a collective bargaining agreement which includes an exemption from membership or fair share payments[1] to the Association. The exemption is required by statute, which provides, in pertinent part:

" * * * [A]ny agreements entered into involving union security * * * must safeguard the rights of nonassociation of employes, based on bona fide religious tenets or teachings of a church or religious body of which such employe is a member. Such employe shall pay an amount of money equivalent to regular union dues and initiation fees and assessments, if any, to a nonreligious charity or to another charitable organization mutually agreed upon by the employe affected and the representative of the labor organization to which such employe would otherwise be required to pay dues. * * *" ORS 243.666(1).

Several weeks after the beginning of the school year, petitioner advised both District and Association that she wished the amount specified by the exemption to be withheld from her salary and paid to a named

---

[1] *See* ORS 243.650(10):

" 'Fair-share agreement' means an agreement between the public employer and the recognized or certified bargaining representative of public employes whereby employes who are not members of the employe organization are required to make an in-lieu-of-dues payment to an employe organization. Such agreement shall reflect the opinion of a majority of the employes in the bargaining unit."

nonreligious nonprofit organization located in New York state. Association informed petitioner that her request was untimely and was not within the purview of the exemption clause of the statute and the contract. Association averred that qualification for the exemption required a letter from a pastor or minister of petitioner's church, reciting length of her membership and affirming that not belonging to an association was a basic tenet of the church. Petitioner replied that Association could not inquire into her beliefs, but set out her four basic personal tenets:

"a. A faith in human potentialities;

"b. Commitment to furtherance of the ethical life of mankind;

"c. Faith in the democratic process and its underlying ethical principles; and,

"d. Commitment to the process of critical thinking and the methods of free and honest inquiry."

She also stated that such beliefs, although not involving membership in a church, were entitled to First Amendment protection.

The District concluded that petitioner's beliefs were not within the rights of nonassociation protected by ORS 243.666(1), and that the District was required to follow the terms of its contract despite constitutional challenges to the validity of the contract. Each month, however, the District withheld the specific amount from petitioner's salary and issued a check for that amount payable jointly to petitioner and Association. The first check was sent to Association; Association returned it to District. District issued but retained the checks for subsequent months.

Association sent petitioner a questionnaire on her religious beliefs, but she refused to answer it.

Association brought this unfair labor practice action before ERB, requesting an order directed to District requiring payment to Association alone of the amounts withheld from petitioner's salary. Petitioner

intervened, requesting that District be ordered to pay the amount to the charity she had specified.

The matter was heard by ERB's agent on July 7, 1977. The agent proposed rulings, findings of fact, conclusions of law, and an order, to which District and petitioner objected. On September 2, 1977, District paid Association the entire amount withheld from petitioner's salary. The matter was argued before ERB on February 14, 1978. ERB concluded that District engaged in an unfair labor practice by refusing to pay to Association the amounts withheld from petitioner's salary. It concluded that petitioner did not meet the statutory and contractual requisites for exemption from fair share payments entitling her to direct that the payments be made to a nonreligious charity, because she did not claim to be a member of a church or organized religious body. It also concluded that any constitutional rights she might have were no broader than the statutory exemption.

ERB, because of its conclusions of law and the fact that District had already paid Association the contested amount, held that there was no necessity to order District to pay Association.

■    Association argues that because ERB declined to issue an order in this case, there is no final order for this court to review, and therefore petitioner is not entitled to judicial review of ERB's conclusions of law in this court. *See* ORS 183.480(1). We cannot agree.

    " 'Order' means any agency action expressed verbally or in writing directed to a named person or persons * * * which grants, denies, modifies, suspends or revokes any right or privilege of such person." ORS 183.310(4).

Here, the combination of ERB's conclusions of law that petitioner had no right to direct where the money went and that the money should have been paid by District to Association, and the fact that District had already paid Association the contested amount, led ERB to conclude that it was unnecessary to order District to

pay Association. Its decision not to issue an "Order" as effectively disposed of petitioner's claims as if it had ordered District to pay the contested amount to Association rather than to the charity designated by petitioner. Since no further action by ERB was necessary to dispose of petitioner's or Association's claims, ERB's decision was effective as a final order as to them. *See, Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 287, 534 P2d 1169 (1975). Therefore, we have jurisdiction to entertain this appeal.

■ Association claims that the state could allow fair share agreements without religious exemptions without violating the Free Exercise Clause of the First Amendment,[2] citing *Yott v. North American Rockwell Corporation,* 501 F2d 398 (9th Cir 1974). Assuming, without deciding, that Association is correct, however, does not answer petitioner's contention that in carving out a religious exemption from fair share agreements, the state may not define the exempt class in terms of membership in an organized religious body without running afoul of the requirements of the Establishment Clause.[3]

---

[2] The First Amendment's limitations on government apply to the states through the Fourteenth Amendment. *Cantwell v. Connecticut,* 310 US 296, 303, 60 S Ct 900, 84 L Ed 1213 (1940).

[3] *See Welsh v. United States,* 398 US 333, 356, 90 S Ct 1792, 26 L Ed 2d 308 (1970) (Harlan, J., concurring) (Congress need not exempt conscientious objectors but, having done so, may not impose a sectarian limitation on the exemption); L. Tribe, American Constitutional Law 832-33 (1978).

Title VII of the 1964 Civil Rights Act prohibits employment discrimination based on the employe's religion. 42 USC § 2000e-2 (1970). The statute requires an employer to make reasonable accommodation of an employe's religious practices. 42 USC § 2000e(j) (Supp III, 1973). One federal court has held that the requirement of accommodation of an employe's religiously-based nonassociation rights violates the Establishment Clause. *Yott v. North Am. Rockwell Corp.,* 428 F Supp 763 (CD Cal 1977).

The constitutionality of requiring accommodation of an employe's sabbath and religious holidays is addressed in *Hardison v. Trans World Airlines, Inc.,* 527 F2d 33 (8th Cir 1975), *rev'd on other grounds* 432 US 63, 97 S Ct 2264, 53 L Ed 2d 113 (1977); *Cummins v. Parker Seal Company,* 516 F2d 544 (6th Cir 1975); and *Dewey v. Reynolds Metals Company,* 429 F2d

We do not reach this issue, however, for the following reason:

Granted that defendant has shown that she has certain arguably religious beliefs, and assuming without deciding that such beliefs are entitled to constitutional protection, an examination of the record reveals that defendant has failed to carry her burden of demonstrating a nexus between her beliefs and her unwillingness to join or pay dues to the Association. Although the Board made no finding on this issue, there is nothing in the record that would support a finding of any relation between her beliefs and her antipathy toward the payment of dues. *Michelet v. Morgan,* 11 Or App 79, 501 P2d 984 (1972). This being the case, we hold as a matter of law that the Board arrived at the correct result.

Affirmed.

---

324 (6th Cir 1970), *aff'd by an equally divided court* 402 US 689, 91 S Ct 2186, 29 L Ed 2d 267 (1971).

One circuit has held that Title VII's allowance of religious discrimination by religious organizations in nonreligious activities violates the Establishment Clause. *King's Garden, Inc. v. F.C.C.,* 498 F2d 51 (DC Cir), *cert denied* 419 US 996 (1974).