Argued and submitted August 14, reversed and remanded
for further proceedings November 23, 1981, respondent Bethel
School District No. 52's reconsideration allowed,
former opinion modified, and, as modified, adhered to
(55 Or App 777, 539 P2d 1297) February 2, 1982

# HUMPHREYS,
## *Petitioner,*
### *v.*
# ˙BETHEL SCHOOL DISTRICT ˙
# NO. 52 et al,
## *Respondents.*

### (CA A20514)
636 P2d 463

Robert D. Durham, Eugene, argued the cause for petitioner. On the brief were Jennifer Friesen, Liana Colombo and Kulongoski, Heid, Durham & Drummonds, Eugene.

Joe B. Richards, Eugene, argued the cause for respondent Bethel School District No. 52. With him on the brief was Luvaas, Cobb, Richards & Fraser, P. C., Eugene.

Jan Peter Londahl, Assistant Attorney General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

Petitioner appeals from an order of the Fair Dismissal Appeals Board dismissing the appeal of her dismissal from a teaching position with respondent school district (district) for lack of jurisdiction based on its finding that petitioner was not a permanent teacher within the meaning of Oregon's Fair Dismissal Law, ORS 342.805-955. We find that petitioner was a permanent teacher at the time of her dismissal from employment and reverse and remand.

ORS 342.815(4) defines "permanent teacher" for purposes of the Fair Dismissal Law as:

"* * * any teacher who has been regularly employed by a fair dismissal district for a period of not less than three successive school years, * * * and who has been reelected by such district after the completion of such three-year period for the next succeeding school year."

"Teacher" is defined at ORS 342.815(7):

"(7) 'Teacher' means any person who holds a teacher's certificate as provided in ORS 342.125 or who is otherwise authorized to teach in the public schools of this state and who is employed half time or more as an instructor or administrator."

At the time of her dismissal petitioner had been employed fulltime by the district for four years. During the entire term of her employment, she held a valid Oregon teaching certificate. She was initially hired to teach "behind-the-wheel" driver training for the 1976-1977 school year. She was employed as "a classified employee in an instructional role," according to the "Memorandum of Agreement" executed between petitioner and the district assistant superintendent who hired her. During the 1976-1977 school year, petitioner taught behind-the-wheel full time. During the 1977-1978 school year, petitioner taught driver education in the classroom half time and worked as a behind-the-wheel instructor half time. For 1978-1979, she taught two-thirds time in the classroom and one-third time behind the wheel.

On March 12, 1979, the district school board elected petitioner to permanent teacher status and entered into a permanent part-time teacher's contract with her on December 21, 1979. During the 1979-1980 school year, petitioner again taught driver education two-thirds time in the

classroom and one-third time behind the wheel. On May 19, 1980, she received a letter informing her that she would be laid off in 60 days; she filed an appeal with the Board, was then reinstated at the district's request, and withdrew the appeal. Two months later, on July 18, 1980, petitioner received a notice of the superintendent's intention to recommend dismissal. The notice complied with the requirements of ORS 342.895(2), which sets out the procedure for dismissal of permanent teachers. This letter cited a permissible basis, ORS 342.865(1)(j), reduction in permanent teacher staff, as the ground for the dismissal. Petitioner was notified of her dismissal by regular mail on August 14, 1980. This appeal ensued.

■     In order to determine whether petitioner was a permanent teacher for purposes of the statute, it is first necessary to determine whether she was a "teacher" as defined in ORS 342.815(7). There is no dispute that petitioner did hold, at all pertinent times, a valid teacher's certificate.[1] She is therefore a teacher if she was "employed half time or more as an instructor or administrator." "Instructor" is not defined in the Fair Dismissal Law; "instruction" is, however, defined in ORS 342.120(5) as "direction of learning in class, in small groups, in individual situations, in the library and in guidance and counseling." Behind-the-wheel driver training generally involves a one-to-one or small group learning situation.

■     There is no dispute that petitioner was employed half time or more as a teacher from 1977 through 1980, when her classroom time exceeded that amount. We find that petitioner was employed as a teacher, as that term is defined in the Fair Dismissal Law, for the 1976-1977 school year as well, and was therefore a "permanent teacher" for the purpose of an appeal to the Board, in that she had been employed by the district as a teacher for three school years

---

[1] The district maintains that because pursuant to ORS 343.720(2), a person employed to teach behind-the-wheel drivers' education is not *required* to hold a teaching certificate, that this amounts to a legislative determination that behind-the-wheel driver instruction is not "teaching." The argument is ingenious but unconvincing. ORS 342.815(7), which defines "teacher," relates to the qualifications of the *person,* not those for the position, *i.e.,* a teacher is not "a person who holds a *position* requiring a teacher's certification," but a person who holds the certificate and is employed as an instructor or administrator more than half time. Petitioner is such a person.

and was re-elected (and employed) for a fourth year before her dismissal. The fact that she was considered by the district to be a permanent teacher is evidenced by the contract with her as a permanent teacher following her third year of employment and in the letter of dismissal, citing reductions in *permanent staff* as a basis for the action.[2] Petitioner was a permanent teacher at the time she was dismissed by the District, and the FDAB had jurisdiction of her appeal.[3]

Petitioner urges that, if we determine that she was a permanent teacher and thus subject to dismissal only on the grounds set forth in ORS 342.865, we should proceed to determine whether the district made every effort to transfer her to another position for which she was qualified before dismissing her, as required by ORS 342.865(1)(j). Because it dismissed the appeal for lack of jurisdiction, the Board failed to make a finding on this issue.[4] We remand

---

[2] This contract was not, as the district argues, an error in "legal interpretation" by a "lay" governmental body exceeding its authority and "waiving the provisions of the statute," but a perfectly proper manifestation of the statutory scheme.

[3] As petitioner notes, there is yet another reason for arriving at the conclusion that she was a permanent teacher. Disregarding the 1976-1977 school year, which is the center of the debate, petitioner was employed more than half time as a classroom teacher for the 1977-1978, 1978-1979 and 1979-1980 school years and thus was a "teacher" for those years pursuant to ORS 342.815(7). ORS 342.513(1) provides that if a district fails to give a teacher other than a permanent teacher written notice of renewal or nonrenewal of a contract for the following school year by April 1, "the contract shall be considered renewed." The Board found petitioner received no notice of nonrenewal by April 1, 1980, for the 1980-1981 school year. She was thus "re-elected" by the district after the completion of three years, and was a permanent teacher as defined by ORS 342.815(4), by at least April 1, 1980.

[4] The Board's findings on this issue were, *in toto,* as follows. Because of its disposition of the appeal, it made no finding of ultimate fact on this point, as required by ORS 183.470(2). The evidence not included in the findings is not uncontroverted. *See Michelet v. Morgan,* 11 Or App 79, 501 P2d 984 (1972).

"13. The district had five physical education positions.

"14. Four of the five physical education positions were filled by permanent teachers.

"15. The fifth physical education position in the district was held by a probationary teacher.

"16. The district determined that the probationary teacher was better qualified and could do a better job than Ms. Humphreys."

Petitioner's teaching certificate had a physical education endorsement.

for it to do so. *Wright v. Insurance Commissioner,* 252 Or 283, 449 P2d 419 (1969).

Reversed and remanded for further proceedings.