Argued and submitted February 12, affirmed June 9, 1982

WESOCKES,
*Petitioner,*

*v.*

POWERS SCHOOL DISTRICT NO. 31 et al,
*Respondents.*

(CA A22525)

646 P2d 68

Jennifer Friesen, Eugene, argued the cause for petitioner. With her on the brief were Liana Colombo and Kulongoski, Heid, Durham & Drummonds, Eugene.

Robert J. Burch, Coquille, argued the cause for respondent Powers School District No. 31. With him on the brief was Burch & Burnett, Coquille.

Jan P. Londahl, Assistant Attorney General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a teacher dismissal case. Petitioner appeals from a decision of the Fair Dismissal Appeals Board (Board) dismissing his appeal for lack of jurisdiction. He argues that, at the time he was dismissed, he had attained "permanent" teacher status and was entitled to appeal to the Board. We affirm.

Petitioner was hired by the Powers School District (District) in August, 1978, for the 1978-79 school year. His contract was renewed for the 1979-80 and 1980-81 school years. On April 1, 1981, the District renewed petitioner's contract for a fourth year. On May 19, 1981, five days before the completion of the school year, the District dismissed him. Petitioner appealed to the Board, which dismissed his appeal on the ground that he had not attained permanent teacher status and it therefore had no jurisdiction over his appeal.

The fair dismissal law distinguishes between "permanent" and "probationary" teachers. A permanent teacher is:

"* * * any teacher who has been regularly employed by a fair dismissal district for a period of not less than three successive school years, whether or not the district was such a district during all of such period and who has been reelected by such district after the completion of such three-year period for the next succeeding school year." ORS 342.815(4).

Any teacher who is not permanent is "probationary." ORS 342.815(6).

A permanent teacher may be discharged or removed only for specified causes, ORS 342.385(1), and is also entitled to a full evidentiary hearing and review of a dismissal by the Fair Dismissal Appeals Board. ORS 342.905. A probationary teacher is not entitled to a Board hearing and review. A probationary teacher may be discharged or removed "at any time during a probationary period for any cause considered in good faith sufficient * * *," ORS 342.835(1), and may also be refused contract renewal for the upcoming year "for any cause [the school board] may deem in good faith sufficient." ORS 342.835(2).

He or she is entitled, however, to notice of renewal or nonrenewal by April 1 of each year "and upon request shall be provided a hearing before the district board." ORS 342.835(2). If notice is not given by April 1, "the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of renewal." ORS 342.513(1).

The above provisions, applied to the facts of this case, produce a clear result. Petitioner received notice of renewal for a fourth year by April 1 of his third year of teaching. He contends essentially that such notice immediately conferred permanent teacher status upon him. Petitioner misunderstands the effect of the renewal notice. By renewing petitioner, the school district committed itself to employ him the next year, absent some intervening grounds for dismissal. Renewal is not a guarantee against dismissal during the balance of the existing school year. ORS 342.835(1) permits the discharge of a teacher *at any time during the probationary period.* The probationary period lasts until a teacher has been "regularly employed * * * for a period of not less than three successive school years." ORS 342.815.[1] No exception is made for the period following renewal of a third-year teacher. Thus, petitioner remained a probationary teacher after his renewal *until he completed his third year.* As such, he was subject to termination, notwithstanding the fact that he would have become permanent upon completion of the school year.

Petitioner argues that, in the case of third-year teachers, "there is no sense in requiring an April 1 decision whether to award permanent status [by renewal of the contract] if the district can, the next day, rescind that act by summary dismissal." This assumes that the sole purpose

---

[1] In 1981, the Oregon Legislature enacted ORS 342.840, which states:

"For purposes of determining length of service for a probationary teacher, a teacher employed for 135 consecutive days in any school year shall receive credit for a full year of employment. At least 30 consecutive days of employment in the same district in a successive year shall be sufficient to keep the service intact, and the teacher shall not lose credit for previous probationary years served."

The present dispute arose prior to the effective date of this statute; it does not apply here. We express no opinion as to whether, if it were to apply, the outcome of this case would be different.

of the notice provision is to require the school district to make an early decision as to whether to award permanent status. This is not its only purpose; it is designed to apprise *all* probationary teachers, not only those in the third year, whether they will be employed the following year. Had it been intended for the limited purpose suggested by petitioner's argument, it could have been drawn more narrowly.

We hold that petitioner's renewal did not guarantee him that he would reach his fourth year and thereby achieve permanent status. He was dismissed during his probationary period, albeit near the end of that period. The Board was, therefore, correct in concluding that it did not have jurisdiction over petitioner's claim.[2] ORS 342.905.

It is argued that our interpretation of the statutory scheme unfairly provides school districts with "two shots" at determining whether a teacher should become permanent—one at the time of renewal in the third year and a second at any time before the end of the third year. That argument applies to the statutorily mandated procedure for renewal of non-tenured teachers generally, not just to renewal of teachers in their third year. As is pointed out above, the statutes clearly allow termination of any probationary teacher "for any cause considered in good faith sufficient" *at any time* during the probationary period— including the period between notice of renewal and the beginning of the next school year. *See* ORS 342.835(1). The fact that notice of renewal in the third year creates an expectation of a more significant career advancement than such notice in the first two years does not justify abrogation of the clearly stated intent of the legislature to permit

---

[2] The Board's rationale was somewhat different. After quoting the definition of "permanent teacher" found in ORS 342.815(4), it concluded:

"Under the facts of this case the teacher did not complete the requisite three successive years *and was not reelected after the completion of such three-year period.* (Emphasis supplied.)

Petitioner argues that the requirement of re-election *after* the completion of the three year period is inconsistent with the April 1 notification of renewal requirement. We rely solely upon the fact that petitioner had not completed the requisite three school years at the time of his dismissal, and therefore we need not address petitioner's argument.

termination of teachers at any time during the probationary period, even following notice of renewal.[3]

Petitioner was a probationary teacher at the time of his dismissal. The Board did not have jurisdiction.

Affirmed.

---

[3] Finally, petitioner refers to our footnote in *Humphreys v. Bethel School District No. 52*, 54 Or App 867, 871 n 3, 636 P2d 463 (1981), where we originally stated:

"[P]etitioner was employed * * * as a classroom teacher for the 1977-1978, 1978-1979 and 1979-1980 school years and thus was a 'teacher' for those years pursuant to ORS 342.815(7). ORS 342.513(1) provides that if a district fails to give a teacher written notice of renewal or nonrenewal for the following school year by April, 'the contract shall be considered renewed.' The Board found petitioner received no notice of nonrenewal by April 1, 1980, for the 1980-1981 school year. *She was thus re-elected by the district after the completion of three years, and was thus a permanent teacher as defined in ORS 342.815(4), by at least April 1, 1980.*" (Emphasis in original.)

On reconsideration, we modified that opinion by withdrawing that footnote. *Humphreys v. Bethel School District, No. 52*, 55 Or App 777. 639 P2d 1297 (1982). The footnote has no precedential significance.