Argued and submitted June 22, affirmed November 9, 1983, reconsideration denied January 6, petition for review denied April 25, 1984 (297 Or 83)

## ROTTEN ROBERTS, INC.,
*Petitioner,*

*v.*

## OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(CA A26332)

671 P2d 753

Theodore S. Bloom, Portland, argued the cause for petitioner. On the brief were Michael H. Bloom and Bloom, Marandas & Sly, Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an appeal from an order of the Oregon Liquor Control Commission (OLCC) denying petitioner's application for renewal of a retail malt beverage license. The OLCC denied the application on the grounds that petitioner had not shown good cause to outweigh an adverse recommendation of the Portland City Council and that public opinion weighed against renewal of the license. We affirm.

Petitioner is a tavern located in the West Burnside neighborhood of Portland. Because its retail malt beverage license was due to expire December 31, 1981, the operator applied to OLCC for a renewal of the license. On December 10, 1981, the Portland City Council considered the renewal application. The operator was present at the meeting, accompanied by her attorney. The Council heard statements from six people opposing the application. The primary witness against renewal was Sgt. John Hren of the Portland Police Bureau. He listed several reasons for the Bureau's opposition, including: congregation of people in the alcove in front of the premises; failure of the owner to make corrections suggested by the police; and failure of employes to call the police when necessary. Hren also stated that, in 1981, there had been numerous serious crimes committed inside the premises and that there had been a murder "directly attributable to the establishment."

Several people, including the operator, testified in favor of the license renewal. The operator stated that she and her employes cooperated with the police and that she took steps to make the corrections the police had suggested. She contended that many of Hren's statements regarding the amount of crime at her premises were false. The city council voted unanimously to recommend to OLCC that Rotten Roberts' license renewal be denied. In April, 1982, after again hearing testimony on the matter, the city council denied petitioner's request for reconsideration.

OLCC denied petitioner's application, and she requested a hearing. At the hearing, several witnesses, including Hren and Lt. Kindrick of the Bureau, testified against renewal. OLCC also received letters from a neighborhood organization and from 12 businesspeople located in the area of Rotten Roberts opposing the renewal, because they believed

that a great deal of crime in the area was attributable to the tavern. Several witnesses testified in favor of the license renewal, and OLCC received a petition in favor of renewal signed by 17 area businesspeople.

Following the hearing, OLCC received an affidavit signed by Hren stating that, based on a review of homicide files, he was withdrawing his statement made to the city council on December 10, 1981, that there was a murder directly attributable to Rotten Roberts.

■    OLCC denied the renewal of petitioner's license, finding that petitioner had not shown good cause to outweigh the city council's adverse recommendation, as required by OAR 845-05-025(1), and that public opinion weighed against renewal. This appeal followed.

OAR 845-05-025 provides:

"The following criteria will be given sufficient considera-
tion so that a license will not be issued unless good cause
which outweighs the criteria involved is shown by the appli-
cant.

"(1)   An adverse recommendation by the governing body
of the appropriate city or county, after due consideration.
* * *"

OLCC, after finding that Hren had testified to the city council that there had been a murder directly attributable to Rotten Roberts and that Hren had later withdrawn the statement as being inaccurate, concluded that:

"* * * these inaccuracies do not establish good cause for
overcoming the City Council's recommendation. Although it
is possible that these serious allegations may have played an
important role in the City Council's decision to recommend
non-renewal, the Commission cannot, given the large amount
of information provided to the City Council, conclude that the
Council would have recommended otherwise had it not been
inaccurately informed as to these matters."

Petitioner contends that this conclusion is not permissible in the light of the record. ORS 183.482(8)(c). Petitioner asserts that Hren's inaccurate testimony constituted good cause to

outweigh the city council's negative recommendation.[1] Our scope of review is limited to determining whether the record discloses facts from which the conclusion drawn by OLCC could be reached by reasonable minds. *Oregon Shores v. Oregon Fish and Wildlife,* 62 Or App 481, 492, 662 P2d 356, *rev den* 295 Or 259 (1983).

■  The city council heard a great deal of testimony regarding the renewal of Rotten Roberts' license. Hren testified to many problems associated with the operation. He stated that there had been numerous serious crimes committed in and around the premises. The city council also received a letter from eight retail businesspeople located in the area opposing the license renewal. Representatives of both the Burnside Consortium and the Burnside Community Council testified that their organizations opposed the renewal of Rotten Roberts' license, because they believed the tavern to be a source of many problems in the area. Those facts support the OLCC's conclusion that the city council would have made the same negative recommendation had Hren's misstatement been brought to its attention. We therefore conclude that the OLCC's holding that petitioner failed to establish good cause to outweigh the city council's adverse recommendation is correct.

Petitioner's other contention does not require discussion.

Affirmed.

---

[1] Petitioner also asserts that some testimony before the city council concerning the closure of the Hood Hotel, located adjacent to Rotten Roberts, was later proven to be inaccurate. After examining the record, we find no critical inconsistencies in the evidence.