Argued and submitted May 9, 1983, affirmed April 18, reconsideration denied May 25, petition for review denied July 3, 1984 (297 Or 458)

# BETHEL SCHOOL DISTRICT NO. 52, LANE COUNTY,
## *Petitioner,*

*v.*

# HUMPHREYS et al,
## *Respondents.*

(CA A25932)

680 P2d 14

Joe B. Richards, Eugene, argued the cause for petitioner. With him on the brief was Luvaas, Cobb, Richards & Fraser, Eugene.

Monica A. Smith, Portland, argued the cause for respondent Martha Humphreys. With her on the brief were Liana Colombo and Kulongoski, Heid, Durham & Drummonds, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Gillette, Presiding Judge, Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Bethel School District (District) appeals from an order of the Fair Dismissal Appeals Board (FDAB) requiring it to reinstate Martha Humphreys as a permanent teacher. We affirm.

In 1976, Humphreys applied for a position as a physical education (P.E.) teacher with the Bethel School District. Humphreys held an Oregon Basic Teaching certificate with a P.E. endorsement. At that time, no P.E. position was available with the District. However, Humphreys was hired by the District to teach behind-the-wheel and classroom Driver Education classes at Willamette High School, which she did from 1976 through 1980. She also performed extra duty assignments coaching volleyball and track. She was elected to permanent teacher status in 1979.[1]

In January, 1980, Humphreys learned that the District was considering eliminating the Driver Education program from the 1980-81 class schedule. She met with the principal of Willamette High School and indicated to him that she would be interested in teaching P.E. At that time, however, a vacancy in the P.E. department was not anticipated. The department consisted of five teachers, four of whom were permanent teachers with more seniority than Humphreys. The fifth, Kness, was a probationary teacher hired on a temporary basis to replace a teacher who was on a one year leave of absence. On March 24, Kness was notified that her contract would not be renewed. Sometime after that notification, the teacher on leave submitted her resignation. On April 28, the school board voted to offer the vacant position in the P.E. department to Kness, preferring her over Humphreys.

On May 12, 1980, the school board voted to eliminate the Driver Education program. Subsequently, Kness accepted the board's offer to teach P.E. On August 11, the board dismissed Humphreys. She appealed to FDAB, contending that the District had violated *former* ORS 342.865(1)(j) (*repealed by* Or Laws 1981, ch 569, § 1), which provided:

"(1)   No permanent teacher shall be dismissed except for:

---

[1] *See Humphreys v. Bethel Sch. Dist. 52,* 54 Or App 867, 636 P2d 463 (1981), 55 Or App 777, 639 P2d 1297 (1982).

"* * * * *

"(j)  Reduction in permanent teacher staff resulting from the district's inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district's elimination of classes due to decreased student enrollment or reduction of courses due to administrative decision. School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer."

Humphreys maintained before FDAB that the District had failed to make every effort to transfer her to a position for which she was qualified in that it did not compare her merit and seniority with that of Kness when it chose Kness for the vacant P.E. position. FDAB concluded:

"Bethel School District No. 52 has failed to produce evidence that a valid comparison on merit was made between Petitioner and the probationary teacher retained to fill a vacancy that existed in the Physical Education Program in Bethel School District which the petitioner was fully qualified to fill. The district failed to evaluate petitioner on merit, but relied upon the recommendations of the principal and assistant principal as to the outstanding qualifications and merit of a probationary teacher and these persons' preference for retaining the probationary teacher over petitioner."

FDAB ordered the District to reinstate Humphreys. This appeal followed.

■      The District contends that the evidence does not support FDAB's conclusion that it failed to make every effort to transfer Humphreys to a position for which she was qualified.[2] Our scope of review is limited to determining whether the record discloses facts from which the conclusion drawn by FDAB could be reached by reasonable minds. *Rotten Roberts v. OLCC,* 65 Or App 351, 355, 671 P2d 753 (1983), *rev den* 296 Or 486 (1984); *Oregon Shores v. Oregon Fish & Wildlife,* 62 Or App 481, 492, 662 P2d 356, *rev den* 295 Or 259 (1983).

---

[2] District moved in this court to supplement the record with an arbitration award concerning Humphreys' layoff status. We decline to consider the award, because it is neither relevant nor was it brought to FDAB's attention.

A review of the record reveals that very little was done to compare Humphreys with Kness for the vacant P.E. position. Assistant Superintendent Hankins, who is in charge of instructional personnel for the District, testified that the District "never at any time took any action related to [Humphreys'] capacity to coach or work in a gym type situation." Hankins never observed Humphreys teaching and never contacted her previous supervisior at the school where she taught P.E. Instead, he relied on the recommendation of Jim Fisher, principal at Willamette High School, that Kness be hired over Humphreys. Fisher's preference for Kness was based largely on conversations he had had with one of the P.E. teachers, who strongly recommended Kness. However, that teacher was not asked to make a comparison between Humphreys and Kness. Fisher did not make any written evaluation of Humphreys, nor did he consider her coaching experience. Moreover, *former* ORS 342.865(1)(j) required that teachers be compared on both merit and seniority. It appears from the record that the District gave no consideration to Humphreys' four years of teaching experience. These facts support FDAB's conclusion that the District violated *former* ORS 342.865(1)(j).[3] Accordingly, the FDAB order is affirmed.

Affirmed.

---

[3] Because we find that District made no valid comparison between Humphreys and Kness, we need not reach the question of whether *former* ORS 342.865(1)(j) applied only to permanent teachers.