Argued and submitted September 11, 1986, reversed and remanded January 28, 1987

# HUMPHREYS,
*Appellant,*

*v.*

# BETHEL SCHOOL DISTRICT NO. 52,
*Respondent.*

## (16-84-06344; CA A37529)

732 P2d 84

Henry Drummonds, Portland, argued the cause for appellant. On the briefs were Liana Columbo, Paul B. Gamson, Barbara Diamond, and Kulongoski, Durham, Drummonds & Colombo, Portland.

Joe B. Richards, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff, a permanent teacher, appeals a judgment for defendant school district in her mandamus action. Plaintiff sought to compel district to pay back salary to her under an order of the Fair Dismissal Appeals Board "that [plaintiff] be reinstated to a position for which she is qualified * * *." FDAB had found that plaintiff was qualified to fill a vacant position in the physical education department and that district had failed to sustain its burden of proof that it had made every effort to transfer her to that position.[1] We affirmed FDAB's order in *Bethel School Dist. No. 52 v. Humphreys,* 67 Or App 733, 680 P2d 14 (1983) *rev den* 297 Or 458 (1984). The facts of the underlying dispute are set forth in that opinion. After our decision in *Humphreys,* district reinstated plaintiff, but it refused to pay her back salary. In this proceeding to compel that payment, both parties filed motions for summary judgment. Plaintiff also moved for partial summary judgment on the issue of liability. The court granted defendant's motion, denied plaintiff's motions and dismissed plaintiff's complaint. We reverse.

The court was persuaded to rule for defendant, apparently, because an arbitration award, entered before FDAB's order, had determined that when defendant dismissed plaintiff she was on layoff status under the applicable collective bargaining agreement. District concedes that FDAB's reinstatement order carried with it the right to any back salary to which plaintiff was entitled, but it asserts that it reinstated

---

[1] FDAB found:

"There existed a vacancy in the district's Physical Education Program which [plaintiff] was qualified to fill.

"* * * * *

"Bethel School District No. 52 has failed to produce evidence that a valid comparison on merit was made between [plaintiff] and the probationary teacher retained to fill a vacancy that existed in the Physical Education Program in Bethel School District which [plaintiff] was fully qualified to fill. The district failed to evaluate petitioner on merit, but relied upon the recommendations of the principal and assistant principal as to the outstanding qualifications and merit of a probationary teacher and these persons' preference for retaining the probationary teacher over [plaintiff]."

It concluded that district had "failed to sustain its burden of proof that every effort was made to transfer [plaintiff] to a position for which she was qualified as required by law."

her to a layoff status that carried no salary. It argues that, under ORS 342.905(6)(a),[2] a teacher who is reinstated after having been laid off is not entitled to any back salary, because she would not have earned any salary during the time she was laid off. It contends, therefore, that the court correctly determined that plaintiff was entitled to an amount of back salary of zero.

Plaintiff argues that in *Humphreys* we determined that her layoff status was irrelevant to her statutory right to reinstatement *and* back salary, that *Humphreys* determined her right to back salary, that the amount of that back salary is the amount she would have earned in the position in the physical education department for which she was qualified and that the court erred in allowing defendant to re-litigate that issue in this action. In *Humphreys,* we stated that the arbitration award concerning plaintiff's layoff status was "irrelevant" to whether the district had made every effort under *former* ORS 342.865(1)(j)[3] to transfer plaintiff to a position for which she was qualified and, furthermore, that the award was "not brought to FDAB's attention." 67 Or App at 736 n 2. We held that "the facts support FDAB's conclusion that the district violated *former* ORS 342.865(1)(j). Accordingly, the FDAB order is affirmed."

---

[2] ORS 342.905(6)(a) provides:

"Subject to subsection (5) of this section and paragraphs (b) and (c) of this subsection, if the Fair Dismissal Appeals Board panel finds that the facts relied on to support the recommendation of the district superintendent are untrue or unsubstantiated, or if true and substantiated, are not adequate to justify the statutory grounds cited as reason for the dismissal, and so notifies the permanent teacher, the district superintendent, the district school board and the Superintendent of Public Instruction, the teacher shall be reinstated and the teacher shall receive the salary for the period between the effective date of the dismissal and the date of the order reinstating the teacher."

[3] *Former* ORS 342.865(1)(j) (*repealed by* Or Laws 1981, ch. 569 § 1) provided:

"(1)  No permanent teacher shall be dismissed except for:

"* * * * *

"(j)  Reduction in permanent teacher staff resulting from the district's inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district's elimination of classes due to decreased student enrollment or reduction of courses due to administrative decision. School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer."

■ ■     ORS 342.905(6)(a) provides that a teacher who is reinstated "shall receive the salary for the period between the effective date of the dismissal and the date of the order reinstating the teacher." As applied to this case, the word "salary" in ORS 342.905(6)(a) refers to the salary that plaintiff would have earned in the position in the physical education department to which district should have transferred her. Accordingly, FDAB's reinstatement order entitled plaintiff to the back salary that she would have earned if she had been timely transferred to that position. The proceeding culminating in *Humphreys* conclusively determined plaintiff's right to that back salary. Accordingly, the court erred when it denied plaintiff's motion for partial summary judgment on the issue of liability and granted defendant's motion.

Plaintiff asserts in her affidavit that district owes her "approximately $23,450 in back wages and insurance, plus appropriate PERS deposits and interest." District does not dispute that, if she is entitled to any back salary, the amount to which she is entitled is what she claims in her affidavit. On the other hand, the record does not permit a precise determination of that amount, and the court must determine it on remand.

Reversed and remanded to with instructions to enter judgment for plaintiff in the amount that district owes her.