502 P.2d 982 (1972)
Walter J. SHORT, individually and doing business as Retail Merchandising Planners, Plaintiff-Appellee,
v.
Byron W. FAHRNEY, Defendant-Appellant.
No. 72-120.
Colorado Court of Appeals, Div. I.
October 31, 1972.
*983 Dickerson & Levine, Richard J. Scheurer, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
In plaintiff's suit against defendant, the first claim for relief was for breach of an employment contract and the second claim was for money advanced. Simultaneously with the filing of the complaint plaintiff filed a motion for a preliminary injunction. Defendant filed a motion for change of venue. After hearing on the motions, the court denied the motion for change of venue, and granted an injunction against defendant.
Defendant then filed a motion to amend the order granting the injunction and a motion demanding that plaintiff provide security in accordance with C.R.C.P. 65(c). Defendant subsequently filed an answer and counterclaim. Plaintiff then filed a reply to the counterclaim. On notice, the court heard arguments and denied both of defendant's motions. Defendant appeals to this court, alleging that the trial court erred in denying the motion for change of venue, in denying that plaintiff be required to post bond in accordance with C.R.C.P. 65 (c), and in entering a permanent injunction against defendant.
Plaintiff-appellee has entered no appearance in this court.
In opposition to defendant's motion for a change of venue, plaintiff testified that his office and principal place of business was in Colorado Springs and that, although defendant had been working in the Denver area, all bookkeeping, payments and expenditures made by or for defendant as a result of the performance of his duties was handled in the Colorado Springs office. C.R.C.P. 98(c) provides in part:
"[A]n action upon contract may also be tried in the county in which the contract was to be performed; . . . ."
In Gill v. Justice of the Peace Court, No. 2, 111 Colo. 160, 139 P.2d 271, the court stated:
"`As a general rule, in the absence of any agreement or stipulation to the contrary, *984 a debt is payable at the place where the creditor resides, or at his place of business, if he has one, or wherever else he may be found; and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment. . . .'"
The court stated in Twin Lakes Reservoir and Canal Co. v. Bond, 156 Colo. 433, 399 P.2d 793:
"The second claim for relief arose out of the same set of circumstances which gave rise to the first claim for relief. Under such conditions where the venue of one claim for relief is properly laid in the county in which it is brought, a court should not, except under extraordinary circumstances, change the venue of another claim properly joined with the first claim."
Venue is clearly proper in El Paso County for the second claim for relief and therefore the case could be tried there. We affirm the order of the trial court in denying a change of venue.
The case was set "for hearing on motion for change of venue and preliminary injunction on September 9, 1971." The trial court at the commencement of the hearing stated:
"The court will hear the motion for change of venue first, the outcome of which may determine whether this court hears the preliminary injunction or not."
At the commencement of the hearing after the motion for change of venue had been denied, the court stated: "This is a preliminary injunction, is it?" At the conclusion of the hearing the court entered the following order:
"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendant is hereby enjoined and restrained from and after June 4, 1971 in Denver, Colorado and its surrounding metropolitan area from competing with the plaintiff either directly or indirectly in the conduct of the plaintiff's business known as Retail Merchandising Planners, for a period of twenty-four (24) months."
The employment contract provides in the event of termination, "Fahrney agrees not to engage in the same or similar type of business, either directly or indirectly, for a period of twenty-four (24) months following the date of such termination." Defendant argues that the order entered by the court is too broad. Plaintiff's business was just getting started when the employment contract was entered into, and at the time of termination plaintiff had 34 accounts located primarily in Colorado. Defendant had been assigned to work principally in the Denver area and had two of plaintiff's former accounts as his own at the time of the hearing in the trial court. A careful review of the record reveals that the court merely enjoined and restrained defendant from doing what defendant had agreed not to do and restricted the territory to that originally assigned to defendant.
The rule is well settled in Colorado that reasonable agreements not to compete will be enforced and that reasonableness will depend upon the facts in each case. Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813. Restrictions in contracts which regulate competition, to be valid, must be reasonable, must not impose undue hardship, and must be no wider than necessary to afford the desired protection. Knoebel Mercantile Co. v. Siders, 165 Colo. 393, 439 P.2d 355. The territorial restriction in the agreement was too broad, but the court properly reduced it to the extent necessary to afford plaintiff the protection contemplated by the agreement. Whittenberg v. Williams, 110 Colo. 418, 135 P.2d 228.
Even though at the time of the hearing there had been no responsive pleading filed by defendant, the court appears to have considered the order entered by it as a permanent injunction. The case was not at issue. With this state of the record, the court should not have entered a permanent injunction.
*985 Further the order was ineffective as a preliminary injunction. C.R.C.P. 65(c) is specific when it states:

"Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. . . ."
Although the question of giving security was raised after the court entered its injunctive order, the court made no findings and entered no order relative to the giving of security by plaintiff.
A preliminary injunction issued without compliance with the requirement for giving security is without validity and of no force and effect. Renner v. Williams, 140 Colo. 432, 344 P.2d 966.
Since the court did not provide for security pursuant to the provisions of C.R. C.P. 65(c), and since the entry of a permanent injunction was premature, the judgment granting an injunction is reversed and the cause remanded for further proceedings on the issues raised by the pleadings.
SILVERSTEIN, C. J., and SMITH, J., concur.