Submitted on record and briefs May 6, affirmed June 6, reconsideration denied July 20, petition for review denied October 11, 1977

## MASON, *Petitioner,*
*v.*
## EMPLOYMENT DIVISION et al, *Respondents.*
## (No. 76-AB-1315, CA 7569)

564 P2d 1105

Walter M. Mason, Portland, filed the brief pro se for petitioner.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent Eagle International, Inc.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

PER CURIAM.

**PER CURIAM.**

In this unemployment compensation case claimant appeals from an order of the Employment Appeals Board affirming the referee's decision set forth below holding that claimant was not entitled to unemployment compensation from the State of Oregon. It reads:

"FINDINGS OF FACT: (1) The claimant worked for the employer as a sales representative from August 1974, until May 27, 1976. He was paid an annual salary plus a commission on any motor coaches he sold. (2) The employer's principal office was located in Texas as was the marketing manager who was the claimant's immediate superior. (3) The claimant was paid out of the Texas office, submitted periodic reports to that office and frequently communicated with his supervisor in Texas. (4) During the entire period of his employment, the claimant was an Oregon resident living in Portland. (5) The claimant's sales territory included 13 western states and a portion of Canada. He regularly traveled to other states as a part of his sales routine in addition to making sales contacts by telephone. Approximately 37 percent of the claimant's sales time was spent performing services out of state. (6) The claimant had an office in his home and used business cards and stationery bearing his address. (7) On May 27, 1976, the claimant's employment with the employer was terminated.

"(8) On June 3, 1976, the claimant filed an initial claim for unemployment insurance benefits listing as his last employer, Eagle International Incorporated. (9) On June 11, 1976, a nonvalid claim determination was mailed to the claimant. (10) The claimant filed a request for adjustment of claim determination on June 14, 1976. (11) No written response was made to the request; however, the claimant was advised by the local employment office to file an interstate claim against Texas. (12) On July 30, 1976, a 'Benefit Claim Determination' * * * was mailed to the claimant from the Texas Employment Commission.[1] That determination indicated that the claimant had a valid Texas claim based upon base year wages reported by the employer to the state of Texas.

---

[1] Apparently the benefits payable under Texas law are substantially less than those payable under Oregon law.

[ 805 ]

"CONCLUSION AND REASONS: ORS 657.150 establishes the requisites which must be satisfied by an individual to qualify for a valid claim. Subsection (1) of that statute requires that benefits be based on work in subject employment in the base year. ORS 657.030 provides: '(1) As used in this chapter, unless the context requires otherwise, and subject to ORS 657.035 to 657.090, "employment" means service for an employer . . .'

"In the present case, the claimant performed services both within and without the state of Oregon for the employer. The effect of the place of performance of services upon their characterization as 'employment' is set forth in ORS 657.035 which states:

" '* * * (1) The term "employment" includes an individual's entire service, performed within, or both within and without, this state if:

" '(a) The service is localized in this state; or

" '(b) The service is not localized in any state, and such service is not covered under the unemployment compensation law of any other state, the Virgin Islands or Canada, and

" '(A) The place from which the service is directed or controlled is in this state, or

" '(B) If the service is not directed or controlled from any state, the individual's residence is in this state.

" '(2) Service performed within this state but not covered under subsection (1) of this section is deemed to be employment subject to this chapter if contributions are not required and paid with respect to such services under an unemployment insurance law of any other state or of the Federal Government.

" '* * * * *

" '(4) Service is deemed to be localized within this state if:

" '(a) The service is performed entirely within this state; or

" '(b) The service is performed both within and without this state, but the service performed without

the state is incidental to the individual's service within the state.'

["* * * * *."]

"In order to determine whether the claimant's services were employment for the purpose of qualifying for an Oregon claim it must first be determined whether his services were localized in Oregon. The claimant's services were not performed entirely within this state. Thus, to be considered localized the services must satisfy the definition in ORS 657.035(4)(b); that is, his services must have been both within and without the state and those services performed outside the state must have been incidental to those performed within the state. The Oregon Supreme Court in *Puget Sound [B. & D. Co. v. S. U. C. C.,]* 168 Or 614, 623, 126 P2d 37 (1942), defined the term 'incidental' as used in ORS 657.035(4)(b) as 'service which is temporary or transitory in nature or which consists of isolated transactions.' The claimant's out of state services cannot be said to have been temporary, transitory or isolated transactions. The services performed by the claimant outside this state were a part of his regular sales routine. The sales process was an ongoing service even though each out-of-state trip may have been for only a short period. Presumably the claimant made periodic calls on certain customers or potential customers out of state and such service would be neither transitory nor an isolated transaction.

"Having concluded that the claimant's services were not localized in Oregon, one must next look to ORS 657.035(1)(b) to determine whether his services constitute 'employment'. Subsection (b) requires that if the service is not localized it not be covered under the unemployment compensation law of any other state, the Virgin Islands or Canada. Exhibit No. 5 [the July 30, 1976 Texas Benefit Claim Determination] is prima facie evidence that the claimant is covered by the unemployment compensation law of the state of Texas. Because contributions were paid with respect to the claimant's services under Texas unemployment insurance law, his services are also not 'employment' under subsection (2) of ORS 657.035.

"Even though claimant performed services in Oregon as well as outside the state, those services were not

[ 807 ]

localized in Oregon. The claimant is covered, with respect to those services, by Texas unemployment compensation law and, therefore, his services are specifically excluded from 'employment' by ORS 657.035. Since the claimant has no employment to his credit during the base year, he does not qualify for a valid Oregon claim under ORS 657.150.

"DECISION: The referee affirms the claim determination served June 11, 1976. The claimant does not qualify for a valid Oregon claim."

■■ The principal thrust of claimant's contentions on appeal is that the evidence does not support the finding of the referee and the Board that claimant's services to his employer outside the State of Oregon during the period in question were more than "incidental" as that term is used in ORS 657.035(4)(b). The undisputed evidence in the form of testimony from the claimant was that approximately 37 percent of his time on the job was spent outside the state. Our review is not de novo, but only to ascertain that there was evidence to support the finding of the Employment Appeals Board. *Skookum Co., Inc. v. Employment Div.,* 276 Or 303, 554 P2d 520 (1976); *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976). There was such evidence.

Affirmed.