Argued February 26, reversed and remanded July 30,
reconsideration denied September 6, petition for
review denied October 23, 1979

## McINTYRE,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al
*Respondents.*

### (No. 78-AB-889, CA 12494)

598 P2d 313

Bruce H. Grim, Salem, argued the cause for petitioner. With him on the brief was Douglas, Grim, Carson & Dickey, P. C., Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Richard E. Miller, Eugene, argued the cause for respondent Coos County I.E.D. With him on the brief were Norman J. LeCompte, Jr., and Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant appeals from a decision of the Employment Appeals Board that denied her claim for unemployment compensation.

Claimant began working for the Coos County Education Service District (formerly known as the Coos County Intermediate Education District) in March, 1976, as a secretary/receptionist. She worked year-round, including summer months, until June, 1978, when she was informed that her job had been changed to a 10-month position; that June 15 would be her last day; and that she was to return to work on August 21. Claimant applied for unemployment compensation for the period of her summer layoff.

Her claim was denied at all levels on the basis of ORS 657.221(1), which provides that, for nonacademic employes of an educational institution, unemployment compensation

> " * * * benefits shall not be paid * * * for any week of unemployment which commences during a period between two successive academic years or terms if the individual performs such [i.e., nonacademic] services in the first academic year or term and there is a reasonable assurance that the individual will perform any such services in the second academic year or term for any educational institution."

Claimant is seeking unemployment compensation for "a period between two successive academic years." She received a firm assurance that she was to return to the same job with the Coos County Education Service District at the end of the summer. ORS 657.221(1) thus bars this claim *if* an education service district is an "educational institution" within the meaning of that statute.

ORS 657.010(16) provides that for purposes of the unemployment compensation law

> " 'Educational institution,' except an institution of higher education as defined in subsection (14) of this section, means an institution:

"(a) In which participants, trainees or students are offered an organized course of study or training designed to transfer to them knowledge, skills, information, doctrines, attitudes or abilities from, by or under the guidance of an instructor or teacher, and

"(b) Which is accredited, registered, approved, licensed or issued a permit to operate as a school by the Department of Education or other government agency, or which offers courses for credit that are transferable to an approved, registered or accredited school; and

"(c) In which the course or courses of study or training which it offers may be academic, technical, trade or preparation for gainful employment in a recognized occupation; and

"(d) In which the course or courses of study or training are offered on a regular and continuing basis."

There is some dispute about whether the question, "Is an Education Service District an educational institution within the meaning of ORS 657.221(1) and 657.010(16)," is one of law or fact. The parties seemingly join issue in part over whether there is substantial evidence to support the Employment Appeals Board's conclusion that claimant's employer is an educational institution. The dissent joins the parties in contending or assuming the question is one of fact.

■ We conclude, however, that—as the parties alternatively argue—the question presented is one of law. The functions and duties of education service districts are described in ORS ch 334. ORS 657.010(16) defines what is an educational institution for purposes of the unemployment compensation law. All we need do is compare ORS ch 334 with ORS 657.010(16).

■ Before making that comparison, it should first be noted that the legal question presented is for the court, rather than the administrative agency, to resolve under the test of *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). The relevant statutes are complete and detailed. The relevant statutes state

[192]

legislative policy rather than delegating authority to make policy to the Employment Division.

The statutes governing education service districts include ORS 334.005, which provides:

"* * * * *

"(2) In its state role, the education service district:

"(a) Performs the function of financial equalization among local school districts in its area to assist the state in providing equal educational opportunity to each student; and

"(b) Serves to assist the State Board of Education, through contract, in providing state-level services and support of state laws and state minimum standards.

"(3) At the local level, the education service district shall provide professional services and facilities in education and shall furnish such services and facilities, on a cooperative basis with local districts, as may further the intent and purposes of this chapter."

ORS 334.125(3) provides:

"The education service district board shall perform all duties required by law, including but not limited to:

"(a) Distribution of such school funds as it is empowered to apportion;

"(b) Conduct of audits;

"(c) Duties as district boundary board;

"(d) Budget and tax levying duties;

"(e) Curriculum improvement;

"(f) Registration of contracts and teaching certificates; and

"(g) Special education programs."

ORS 334.175(1) provides:

"The education service district or a combination of education service districts or a school district under contract with an education service district or districts may provide services and facilities, including but not limited to, central purchasing, library, curriculum material, special teachers and special programs un-

der ORS chapter 343 to all school districts which are a part of the education service district or districts."

■ The basic thrust of these statutes and the balance of ORS ch 334 is that an education service district provides various services and facilities on a contract basis to local school districts. It is apparent from ORS ch 334 that an education service district: (1) is not accredited as a school, ORS 657.010(16)(b); and (2) does not have its own students, ORS 657.010(16)(a); and (3) does not offer a course of study, ORS 657.010(16)(c), on a regular and continuing basis, ORS 657.010(16)(d). We therefore conclude and hold that an education service district is not, as a matter of law, an educational institution within the meaning of ORS 657.221(1) and 657.010(16).[1]

The dissent argues that the term "educational institution" in ORS 657.221 means something other than—the dissent does not say what—the definition stated in ORS 657.010(16). We reject that argument because those two statutes were simultaneously enacted in their present form. Oregon Laws 1977, ch 241, § 1 amended ORS 657.010 by adding the definition of "educational institution" that now appears as ORS 657.010(16). Oregon Laws 1977, ch 241, § 3 amended ORS 657.221 to provide that certain employes of an "educational institution" are not entitled to unemployment compensation under certain circumstances. In enacting Oregon Laws 1977, ch 241, the legislature could only have intended that "educational institution" as used in ORS 657.221 (ch 241, § 3) means "educational institution" as defined in ORS 657.010(16) (ch 241, § 1).

The dissent contends claimant was "neither 'unemployed' nor 'available for work'" during her summer

---

[1] The only possible point to a remand for a factual determination of whether this educational service district is an educational institution within the meaning of ORS 657.010(16)—as urged by the dissent—would be to invite this district to try to prove that it has been operating beyond the authority conferred by ORS ch 334.

layoff. 41 Or App at 199. "An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him * * *." ORS 657.100. There is no basis in the record for the suggestion that claimant was other than unemployed under this definition. The concern about claimant's availability for work may be warranted. *But see Anderson v. Employment Division,* 24 Or App 503, 546 P2d 779 (1976). However, at this stage of this proceeding no question regarding availability has been raised.

Finally, the dissent states the construction of ORS 657.010(16) and 657.221 we here adopt is "incongruous." 41 Or App at 199. Given that loggers have been awarded unemployment compensation during a seasonal layoff, *Anderson v. Employment Division, supra,* the claimed incongruity of awarding compensation to a secretary/receptionist during a comparable layoff is not self-evident. Moreover, there are many lines drawn and distinctions made in a social program as comprehensive and complex as unemployment compensation. All of us could probably find at least one rule in this program that strikes us, subjectively, as rather incongruous. But we decline the dissent's invitation to, for that reason, disregard the plain meaning of a statute and instead to enact what we regard, subjectively, to be the least incongruous set of rules.

Reversed and remanded.

**THORNTON, J.,** dissenting.

In my view, the peculiar posture of this case requires that we remand it to the Employment Division for further proceedings.

On appeal, claimant makes two contentions: (1) education service districts are not educational institutions as contemplated under ORS 657.221, and (2) the

record fails to support the Employment Appeals Board's (EAB's) conclusion that the District is an educational institution.

Analyzing the above contentions, it is obvious that the sole issue on appeal has become whether the District is an "educational institution." However, an examination of the record at the hearing reveals that this issue was not even mentioned, let alone raised there by claimant.[1] Claimant merely contended that she was entitled to unemployment benefits because the District had changed her status from a 12-month employe to a 10-month employe. The first time the "educational institution" contention surfaced as an issue in this case was in claimant's brief on appeal to EAB.

A review of the hearing record establishes:

First, there is insufficient evidence in this record to support EAB's conclusion that the District is an "educational institution." (It should be pointed out that claimant agrees with this conclusion. *See* point (2) above.)

Second, I conclude, however, that fairness demands that the District be given an opportunity to present evidence with respect to its operations to try to establish if the same brings it within the terms of the definition of ORS 657.010(16).

The majority says that this is purely a question of law, and that there is no need to take evidence on this question. I cannot agree. As I see it, this is a mixed question of law and fact because a factual examination is required in each case to determine if the District

---

[1] The District answers the first contention by asserting that claimant does not have standing to raise the issue of whether the Coos County ESD is an "educational institution" within ORS 657.010(16), because claimant did not raise that issue until after the hearing had been concluded.

Both the administrative decision of the agency and the referee's decision were expressly based on the disqualification contained in ORS 657.221, which of course applies only to employes of "educational institutions." ORS 657.010(16). Accordingly, I conclude claimant was entitled to raise this issue before the Employment Appeals Board.

involved is actually functioning as an educational institution. The School District argues in its brief that it can if given the opportunity prove that it is presently functioning as a bona fide "educational institution," and that it should be permitted to make a record because this issue was not properly raised at the hearing level. I agree.

In *Ford Motor Co. v. National Labor Relations Board,* 305 US 364, 373, 83 L Ed 221, 59 S Ct 301 (1939), the court said:

" * * * It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points * * *. The purpose of the judicial review is consonant with that of the administrative proceeding itself, — to secure a just result with a minimum of technical requirements."

*See Wright v. Insurance Commissioner,* 252 Or 283, 449 P2d 419 (1969); *Michelet v. Morgan,* 11 Or App 79, 502 P2d 984 (1972).

Accordingly, pursuant to the authority vested in this court under ORS 183.482(8)(d),[2] I would remand this case to the Employment Division for taking additional evidence and making findings of fact as indicated.

## ON THE MERITS

Assuming arguendo that whether an educational service district is an educational institution is purely a question of law as the majority asserts, I would

_____

[2] ORS 183.482(8)(d) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

" * * * * * *

"(d) The order is not supported by substantial evidence in the whole record."

[197]

respectfully disagree with the construction of the Unemployment Insurance Law offered by the majority for the following reasons:

As I read ORS 657.010(16), I believe EAB's conclusion is correct that the District is an "educational institution" as contemplated under the provisions of ORS 657.221.

First, the introductory clause of ORS 657.010 (which the majority omits from its quotation of that statute) prefaces all definitions with these very significant words:

"As used in this chapter, *unless the context requires otherwise:*
" * * * * *""

It is my conclusion that the context of ORS 657.221, which provides that no benefit shall be payable to educational institution personnel during any school vacation if the claimant is regularly employed before and after the vacation periods, is a circumstance where the context requires otherwise. *United States v. J. Gerber & Co.,* 436 F2d 1390, 1394, 58 CCPA 110 (1971). In the context of ORS 657.221 the term "educational institution" necessarily includes an educational service district. Claimant had been notified by the District to return to work at the end of the regular summer vacation on August 21, 1978. Because of her intent to return to her job with the District after vacation, claimant was not unequivocally attached to the labor market, *Minniti v. Employ. Division,* 21 Or App 356, 535 P2d 99 (1975). To hold that she was nevertheless eligible for benefits during the vacation period would fly in the face of ORS 657.221.

As EAB pointed out in its decision,
" * * * [ORS 657.221] applies to service performed for an educational institution operated by a political subdivision. Educational institutions are defined under ORS 657.010(16). ORS chapter 334 regulates Educational Service Districts (I.E.D.). *An examination of that chapter shows that the purpose of the*

[198]

*Educational Service District is to provide support for
the educational institutions within the district. These
services are so closely linked to and a part of the
school districts that we find the Educational Service
Districts are educational institutions as contemplated
under the provisions of ORS 657.221. An examination
of ORS chapter 334 also reveals that an Educational
Service district is a political subdivision.*Therefore, it
is our finding that the provisions of ORS 657.221(4)
have been met.

"It is common knowledge that the summer months
are historically and traditionally the period between
two successive academic years. In the case at hand
the claimant performed services during the preceding
academic year and unquestionably had a reasonable
assurance that she would perform services during the
next academic year. Therefore, the provisions of ORS
657.221(1) apply. We find that ORS 657.221(3) ap-
plies to established and customary and vacation
periods and holiday recesses other than periods
between two successive academic years or terms.
Even if we were to find that the services performed
by the claimant fell under the provisions of ORS
657.221(3) we find that the phrase 'established and
customary' pertains to the 'established and custom-
ary' overall practice of one employee who might be
employed over a 12 month period.

"It is our finding that the claimant is therefore
subject to the provisions of ORS 657.221 and benefits
should not be allowed." (Emphasis added.)

Second, the construction reached by the majority
would lead to an incongruous result whereby a person
who legally is neither "unemployed" nor "available for
work" would be receiving unemployment benefits.

A court in construing a statute must ascertain the
intention of the legislature and refuse to give literal
application when to do so would produce an absurd or
unreasonable result, but rather must construe the Act,
if possible, so that it is a reasonable and workable law
and not inconsistent with the general policy of the
legislature. *Pacific P. & L. v. State Tax Com.,* 249 Or
103, 437 P2d 473 (1968).

[199]

Here the construction argued for by claimant would not only be totally inconsistent with the whole legislative scheme of the Unemployment Insurance Law, it would give claimant a financial benefit not conferred upon any other person similarly situated in the state educational system, including school district employes, so far as I can ascertain.

For the foregoing reasons, I respectfully dissent.