356 N.W.2d 789 (1984)
The TORO COMPANY, Relator,
v.
COMMISSIONER OF ECONOMIC SECURITY, Respondent.
No. C8-84-854.
Court of Appeals of Minnesota.
October 30, 1984.
*790 Timothy R. Quinn, Jeffrey B. Oberman, Doherty, Rumble & Butler, St. Paul, for relator.
Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.
Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

OPINION
PARKER, Judge.
This case comes before the court on a writ of certiorari from a decision issued by the Commissioner of Economic Security. The Commissioner ruled that portions of an employee's compensation deposited in an employer's health care expense account plan through salary deduction at the request of the employee are taxable as wages under the Minnesota Employment Services Law. We affirm in part and reverse in part.

FACTS
Relator, The Toro Company (Toro), established a plan entitled "The Health Care Expense Account" (Plan) for its employees. The Plan is a "cafeteria plan" as defined in I.R.C. § 125(d)(1), which states:
The term "cafeteria plan" means a written plan under which
(A) all participants are employees, and
(B) the participants may choose among two or more benefits.
The benefits which may be chosen may be non-taxable benefits, or cash, property, or other taxable benefits.
Under the Plan employees may elect, in December of each year, to receive their compensation for the upcoming year totally in cash wages or partially in cash wages and partially in health benefits.
In the December election a participating employee designates the amount of compensation to be deposited in the Plan. In the following year Toro establishes individual health care expense accounts for each participating employee. Toro credits the accounts as employees' compensation becomes due throughout the year.
The amounts credited to the account are first applied to pay monthly medical and dental insurance premiums. The deposits may be either equal to or greater than the employee's insurance premium but no more than $100 per month. Employees whose deposits equal their insurance premium end the month with an account balance of zero. Those employees who have elected to maintain an account in excess of the amount needed to pay their insurance premiums may be paid from their account balances for health expenses, such as medical and dental deductibles and co-payments, which are not covered by Toro's health insurance plan. Such payment is available in May and November of each year and will occur only after the employee has submitted proof of payment for the expenses.
*791 The annual election to participate in the Plan is irrevocable for one calendar year. However, employees who elect to have funds contributed to the Plan in excess of those necessary to pay insurance premiums may direct at any time during the year that excess funds should no longer be contributed. Additionally, account balances are payable to employees at the end of the calendar year or upon termination, whichever occurs first. Year-end account balances not exceeding $1,200 may be carried over to the next calendar year.
The Department of Economic Security (Department) notified Toro by letter that the full amount of compensation designated by an employee for deposit in the Plan is reportable as wages under Minn.Stat. § 268.04, subd. 25 (Supp.1983), for purposes of unemployment tax and benefits. After a hearing the Department's referee affirmed the determination. On appeal the Commissioner affirmed the referee's decision. Toro seeks review of the Commissioner's decision.

ISSUE
Are the portions of an employee's compensation deposited through salary deduction in an employer's health care expense account plan, at the request of the employee, taxable as wages under the Minnesota Employment Services Law?

DISCUSSION
In an Economic Security case this court's scope of review is limited:
The narrow standard of review requires that findings be viewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.
Group Health Plan, Inc. v. Lopez, 341 N.W.2d 294, 296 (Minn.Ct.App.1983); see also White v. Metropolitan Medical Center, 332 N.W.2d 25, 26 (Minn.1983).
The interpretation of Minn.Stat. § 268.04, subd. 25, is a question of law "upon which this court is free to exercise its independent judgment," see Smith v. Employers' Overload Co., 314 N.W.2d 220, 221 (Minn.1981), and "need not defer to agency expertise," see No Power Line, Inc. v. Minnesota Environmental Quality Council, 262 N.W.2d 312, 320 (Minn.1977).
"Wages" for purposes of unemployment taxation is defined in Minn.Stat. § 268.04, subd. 25:
"Wages" means all remuneration for services, including commissions and bonuses, back pay as of the date of payment, and tips and gratuities paid to an employee by a customer of an employer and accounted for by the employee to the employer, and the cash value of all remuneration in any medium other than cash * * *.
However, certain items are excluded by the statute from the definition of wages, including:
(b) The amount of any payment made to, or on behalf of, an employee under a plan or system established by an employer which makes provision for his employees generally or for a class or classes of his employees (including any amount paid by an employer for insurance or annuities, or into a fund, to provide for any such payment), on account of (1) retirement or (2) sickness or accident disability or (3) medical and hospitalization expenses in connection with sickness or accident disability, or (4) death * * *.
Minn.Stat. § 268.04, subd. 25(b) (Supp.1983) (emphasis added).
Toro contends that the payments for medical and dental insurance premiums and for expenses not covered by insurance under Toro's Plan are medical and hospitalization expenses within the meaning of the exclusion. The Department disagrees. Its primary concern seems to be that the employee, and not Toro, exercises control over the funds contributed to the Plan.
In fact, however, the employee does not control the funds. An employee must elect to participate in the Plan before the upcoming year. Having so elected, the employee may not revoke the election. Toro then establishes a health care expense account *792 for the employee, deducts a portion of the employee's compensation as it comes due, and deposits that portion in the employee's account. The funds are paid by Toro for medical and dental insurance premiums. If sufficiently documented, Toro will pay the employee with funds from the account for additional health related expenses incurred during the year.
This court recently decided a similar issue in J.C. Penney Co., Inc. v. Commissioner of Economic Security, 353 N.W.2d 243 (Minn.Ct.App.1984). In J.C. Penney the court was asked to review the Commissioner of Economic Security's determination that "wages" under Minn.Stat. § 268.04, subd. 25(e) (Supp.1983), includes elective payments of a percentage of the employee's compensation into a savings and profit-sharing retirement plan. As in the present case, the specific issue was whether such payments were made "on behalf of an employee." This court concluded that:
Because the language, "on behalf of an employee," is clear, we must assume that the legislature intended the language to be given its common and ordinary meaning. See Minn.Stat. § 645.08(1) (1982). This interpretation of the statute requires the conclusion that an employee's contributions to a section 401(a) qualified trust are not wages for purposes of the Employment Services Law when the employer deposits those payments at the request of and for the benefit of (i.e., "on behalf of") the employee.
Id. at 246-47.
The reasoning of J.C. Penney also applies in this case, which requires interpretation of the same statutory language (i.e., "on behalf of") in a different subsection of the same statute. The legislature must have intended that its language be interpreted consistently within the same statute. See Twin Ports Oil Co. v. Pure Oil Co., 26 F.Supp. 366, 371 (D.Minn.1939), aff'd, 119 F.2d 747 (8th Cir.1941), cert. denied, 314 U.S. 644, 62 S.Ct. 84, 86 L.Ed. 516 (1941). Thus, an employee's contributions to Toro's Plan are not wages for purposes of the Employment Services Law when the employer deposits the payments at the request of and for the benefit of the employee.
Although J.C. Penney dealt with a section 401(a) qualified trust and Toro involves a health plan, the employer funding structure of the two plans is similar. The major difference between the plans appears to be that the latter allows payment of excess contributions to the employee at the end of the year or upon termination. If this excess were not taxable for both income and unemployment tax purposes, the plan would not qualify for the subdivision 25(b) exclusion. However, both sides agreed that this excess is fully taxable and, hence, this feature will not disqualify the Plan from the subdivision 25(b) exclusion.
The Department claims that the excess payment feature of the Plan would disqualify it as a nontaxable benefit under federal law. However, we express no opinion on that issue since it does not control our interpretation of Minnesota law.
We note here that Toro indicated that the purpose of the Plan was not to circumvent the tax laws. The Plan was developed to correct an inequity that existed with the more traditional employer benefit packages. The inequity arose whenever a Toro employee chose not to participate in the company's medical benefit plan. Often this occurred because that person was already covered or received preferable coverage through a benefit plan in which the employee's spouse participated. This resulted in nonparticipating employees receiving less actual compensation from Toro than participating employees. Under the current Plan those employees who do not wish to participate in the medical benefit Plan will receive an offsetting amount in direct compensation. Since there is no question that funds contributed to the more familiar employer medical benefit plan would not be taxable, it does not seem reasonable that the legislature would intend funds contributed to a plan fashioned to serve the same purpose in a more equitable way to be taxable.

*793 DECISION
Portions of an employee's compensation deposited through salary deduction in an employer's health care expense account plan at the request of the employee are contributed "on behalf of the employee" and are therefore excluded from the definition of "wages" for purposes of unemployment taxation by Minn.Stat. § 268.04, subd. 25(b). Excess contributions paid out to the employee at year-end are not excluded.
We reverse the Commissioner as to funds deposited on behalf of the employee into the health care expense account but affirm as to excess contributions paid out to the employee at year end.