Argued and submitted July 6, affirmed September 9, reconsideration denied
November 13, petition for review denied December 2, 1987 (304 Or 437)

DUFKA,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 86-AB-1662; CA A42392)

742 P2d 624

Philip M. Lebenbaum, Portland, argued the cause and filed the briefs for petitioner.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Portland School District.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner, a school district employe, seeks review of the Employment Appeals Board (EAB) denial of her claim for unemployment benefits during a summer recess. We affirm.

During the 1984-85 school year, petitioner worked as a full-time teacher in Florida. She moved to Oregon in the summer of 1985 and obtained employment as a receptionist in a photography studio in September, 1985. While so employed, she also worked as a substitute teacher for the Portland School District (District), commencing in April, 1986, and worked for four and one-half days as a substitute during the remainder of the school year. On May 2, District mailed a letter to petitioner informing her that it intended to employ her as a substitute for the 1986-87 school year. On June 12, she lost her job at the photography studio. On July 16, she accepted a job as a full-time teacher for District to begin at the commencement of the 1986-87 school year and was employed in that job at the time of the hearing, September 8, 1986.

Division awarded petitioner unemployment benefits based on her work as a receptionist, but denied her benefits based on her school service, because she was reasonably assured that she would perform the same services during the 1986-87 school year that she had performed during the preceding school year. ORS 657.167(1). The referee and EAB affirmed. The only question is whether petitioner's work as a full-time teacher in Florida during 1984-85 should be included in computing the amount of her benefits.[1]

ORS 657.167(1) provides:

"Benefits based on service in an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive

---

[1] Neither party raises the applicability of ORS 657.035, which would exclude out-of-state work from the benefit computation, except under certain limited circumstances, *see* ORS 657.150(1); *Mason v. Employment Division,* 29 Or App 803, 564 P2d 1105 (1977), and we do not consider it.

academic years * * * if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any institution in the second of such academic years or terms."

The statute affects the payment of benefits "based on service in an instructional, research or principal administrative capacity." Petitioner's job as a substitute teacher constitutes instructional service and, because she had a reasonable assurance[2] that she would perform those services (in fact, services as a full-time teacher) in the academic year following the recess, the plain meaning of the statute disqualifies her for benefits based on school services.

Petitioner relies on *Mallon v. Employment Division,* 41 Or App 479, 599 P2d 1164 (1979). Mallon had been working as a full-time researcher at Oregon State University and as a part-time instructor at Linn-Benton Community College. His full-time job terminated at the end of the academic year, but he was assured of returning to the part-time job after the summer vacation. In holding that he was entitled to benefits over the summer recess, we said that, in applying ORS 657.167, it was necessary only to look at the academic year or terms immediately preceding and immediately following the time period for which benefits are sought. Applying that analysis, *Mallon* was not disqualified. That is not this case. Petitioner's work as a full-time teacher in Florida was not performed in the "first of such academic years"; rather, her substitute teaching services were the only school services performed in the academic year immediately preceding the recess, and it is that employment that disqualifies her from receiving benefits. *Johnson v. Employment Div.,* 59 Or App 626, 651 P2d 1365 (1982), is dispositive of this case. *See Slominski v. Employment Div.,* 77 Or App 142, 711 P2d 215 (1985).

If the application of ORS 657.167(1) to the facts of

---

[2] Reasonable assurance is defined in OAR 471-30-075:

"With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

this case leads to an unfair or absurd result, it is for the legislature to remedy. The statute is clear.[3]

Affirmed.

---

[3] Although this case may seem similar to *Kautz v. Employment Division,* 87 Or App 241, 742 P2d 622 (1987), it involves different statutory provisions and factual considerations.