Lynn A. SWANSON, Relator,

v.

INDEPENDENT SCHOOL DISTRICT NO. 625, Commissioner of Jobs and Training, Respondents.

No. C0-91-2259.

Court of Appeals of Minnesota.

April 28, 1992.

Review Denied June 30, 1992.

Bruce P. Grostephan, Therese M. Dosch, Minneapolis, for relator.

Jeffrey Lalla, Lee B. Nelson, St. Paul, for respondents.

Considered and decided by DAVIES, P.J., and KLAPHAKE and MULALLY, JJ.

## OPINION

EDWARD D. MULALLY, Judge *.

Relator Lynn Swanson, a continuous, year-round employee of respondent school district, applied for unemployment benefits when the school district terminated her employment for economic reasons on June 7, 1991. The Commissioner's representative concluded that Swanson was not eligible for unemployment benefits after June 14, 1991, when the school district advised her that she would be rehired effective July 1, 1991. The Commissioner's representative reasoned that Swanson's unemployment was between academic terms and she had a reasonable assurance of performing similar services in the succeeding academic term. Swanson has obtained a writ of certiorari, seeking review of the Commissioner's representative's decision. We affirm.

## FACTS

Swanson began working for the respondent school district in November 1982. She was a full-time employee, working as an educational assistant in an adult student program. She worked continuously, 12 months per year.

The school district terminated Swanson's employment for economic reasons on June 7, 1991. Swanson immediately applied for unemployment benefits, and a claims representative with the Department of Jobs and Training (Department) determined that she was eligible for benefits.

In a letter dated June 14, 1991, the school district informed Swanson that she would be rehired as an educational assistant effective July 1, 1991 through June 30, 1992. Swanson signed a contract to that

effect, and resumed working for the school district on July 1, 1991.

The Department subsequently issued a determination that Swanson was ineligible to receive unemployment benefits for the weeks after she had received notification that she would be reemployed by the school district. Swanson appealed the determination to a Department referee, who affirmed the denial of benefits. Swanson again appealed, and a Commissioner's representative affirmed the denial of benefits.

## ISSUE

Did the Commissioner's representative err by concluding that Swanson was ineligible for unemployment benefits after she received an assurance of reemployment for the upcoming school year?

## ANALYSIS

It is undisputed that Swanson is eligible to receive unemployment benefits between June 7, 1991, when she was laid off, and June 16, 1991, when she was notified that she would be reemployed in the upcoming school year. The only question is whether Swanson was ineligible to receive benefits between June 16, 1991 and July 1, 1991. Resolution of this issue turns upon the following statute:

(a) Benefits based upon services performed in an instructional, research, or principal administrative capacity for * * * a public school * * * shall not be paid for any week of unemployment commencing during the period between two successive academic years or terms * * * to any individual if the individual performs the services in the first of the academic years or terms and if there is a contract or a reasonable assurance that the individual will perform services in any such capacity for any * * * public school * * * in the second of the academic years or terms, and

(b) With respect to service performed in any capacity other than those capaci-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

ties described in clause (a) of this subdivision, for * * * a public school * * * benefits shall not be paid on the basis of these services to any individual for any week which commences during a period between two successive academic years or terms if the individual performs the services in the first of the academic years or terms and there is a reasonable assurance that the individual will perform the services in the second of the academic years or terms.

Minn.Stat. § 268.08, subd. 6(a), (b) (Supp. 1991).

The interpretation of the above statute is a question of law "upon which this court is free to exercise its independent judgment." *See Toro Co. v. Commissioner of Economic Sec.*, 356 N.W.2d 789, 791 (Minn.App. 1984) (quoting *Smith v. Employers' Overload Co.*, 314 N.W.2d 220, 221 (Minn.1981)). Although in certain cases we will defer to an agency's interpretation of a statute, we are not bound by such interpretation. *See Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 707 (Minn.1986) (citations omitted.)

■ The Commissioner's representative concluded that because Swanson's unemployment occurred between two school years, and because she had received an assurance of reemployment in the upcoming school year, she was therefore ineligible for unemployment benefits between June 16 and July 1, 1991. We agree. The statute plainly states that a school employee is ineligible to receive unemployment benefits for any week which commences during a period between two successive academic years if the employee has received a reasonable assurance of reemployment in the upcoming year. If the language of a statute is unambiguous, this court may not disregard the letter of the law under the pretext of pursuing its spirit. *See* Minn.Stat. § 645.16 (1990). An attempt to circumvent the plain meaning of the statute under the guise of statutory construction would be impermissible. We

are not at liberty to construe a statute if its terms speak for themselves. *Commissioner of Revenue v. Richardson*, 302 N.W.2d 23, 26 (Minn.1981).

Although we base our decision upon a conclusion that Minn.Stat. § 268.08, subd. 6 is unambiguous and requires no judicial construction of its terms, we do note that other courts have reached similar conclusions when reviewing similar statutory language.[1] *See, e.g., Doran v. Department of Labor*, 116 Ill.App.3d 471, 72 Ill.Dec. 186, 452 N.E.2d 118 (1983) (teacher who for ten years had worked year-round, including the summer session, was not entitled to unemployment compensation benefits when, due to budget considerations, the summer session was eliminated); *Merged Area (Educ.) VII v. Iowa Dep't of Job Serv.*, 367 N.W.2d 272 (Iowa App.1985) (teachers who were employed on a 12–month basis for 261 days, doing some work in each month of the year, were not entitled to unemployment compensation benefits when the number of their teaching days was reduced to 181, and when classes in the summer months were eliminated); *McIntyre v. Employment Div.*, 41 Or.App. 189, 598 P.2d 313 (1979), *pet. for rev. denied* (Or. Oct. 23, 1979) (secretary/receptionist who had worked year-round, including summer months, would not have been eligible for unemployment compensation benefits when her job was changed to a 10–month position if she had been employed by an educational institution).

## DECISION

The Commissioner's representative properly concluded that Swanson was ineligible to receive unemployment benefits after she had received a reasonable assurance of reemployment in the upcoming academic year.

Affirmed.

---

1. Minn.Stat. § 268.08, subd. 6 and other state statutes are essentially the same as the language used in 26 U.S.C.A. § 3304(a)(6)(A) (Supp. 1991)—the Federal Unemployment Tax Act provision setting forth state conformity requirements.