849 P.2d 558 (1993)
119 Or. App. 138
MULTNOMAH EDUCATION SERVICE DISTRICT, Petitioner,
v.
EMPLOYMENT DIVISION and Carolyn M. Yandell, Respondents.
92-AB-94; CA A74524.
Court of Appeals of Oregon.
Submitted on Record and Brief January 25, 1993.
Decided March 31, 1993.
John W. Burgess, Portland, filed the brief for petitioner.
Michael D. Reynolds, Asst. Sol. Gen., Salem, waived appearance for respondent Employment Div.
No appearance for respondent Carolyn M. Yandell.
Before ROSSMAN, P.J., and DE MUNIZ and LEESON, JJ.
*559 LEESON, Judge.
Petitioner Multnomah Education Service District (MESD) seeks judicial review of an Employment Appeals Board (EAB) order awarding claimant unemployment benefits while off work during summer vacation. We reverse.
MESD is an education service district established under ORS chapter 334 to provide, among other things, "professional services and facilities in education" to public school districts. ORS 334.005(3). One service it provides is Outdoor School, where sixth grade students study natural sciences in a rural setting, providing them with hands-on experience with concepts they have studied in grades one through five. Outdoor School meets throughout the spring and fall terms, and groups of students attend for one week courses. MESD organizes the curriculum, hires instructors and staff, selects volunteers, rents the facilities, and is otherwise responsible for the program. All sixth grade students in Multnomah County are required to attend Outdoor School, and their regular teachers attend with them. Students receive academic credit for attendance, as do high school students who volunteer to provide instruction or aid in the program.
In 1988, MESD hired claimant as an assistant cook at one of its Outdoor School campsites. That fall, it offered her the position of head cook. Claimant's only work for MESD has been as a cook for Outdoor School. Outdoor School operates during the spring and fall terms; there is a summer vacation period. Following the spring 1991 term, claimant received reasonable assurance that she would be rehired the next fall.
Claimant filed for unemployment benefits for the 1991 summer vacation period. The Employment Division determined that she was entitled to benefits. MESD requested a hearing, and the referee affirmed. On appeal, EAB affirmed.
MESD argues that claimant is ineligible for benefits under ORS 657.221, which provides, in part:
"(1) Benefits based on services performed in other than an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter. However:
"(a) Benefits shall not be paid on the basis of such services for any week of unemployment which commences during a period between two successive academic years or terms if the individual performs such services in the first academic year or term and there is a reasonable assurance that the individual will perform any such services in the second academic year or term for any institution * * *
"* * * * *
"(4) With respect to any services described in subsection (1) of this section, benefits based on such services shall be denied as specified in [subsection] (1) * * * to any individual who performed such services in an institution while in the employ of an education service district established under ORS chapter 334, providing 50 percent or more of the individual's time is in the performance of services in such institution." (Emphasis supplied.)
The dispute regards the meaning of "in an institution," ORS 657.221(4), and whether Outdoor School is an "educational institution." ORS 657.221(1); ORS 657.010(16). Those are questions of law. McIntyre v. Employment Division, 41 Or.App. 189, 192, 598 P.2d 313, rev. den. 287 Or. 641 (1979).
We first decide the meaning of "in an institution" as it is used in ORS 657.221(4). We construe subsection (4) in relation to every other part of the statute to produce a harmonious whole, Mattiza v. Foster, 311 Or. 1, 4, 803 P.2d 723 (1990), giving due consideration to the statute's historical development.
In 1979, we held that ORS 657.221 did not authorize denial of unemployment benefits to an employee of an education service district. McIntyre v. Employment Division, *560 supra. The 1981 legislature responded by adding subsection (4) to ORS 657.221, which denies benefits to employees of education service districts who perform 50% or more of their services "in an educational institution." Or.Laws 1981, ch. 60, § 2. (Emphasis supplied.) At that time, subsection (1) similarly applied to services performed for an educational institution, as did all other subsections of ORS 657.221.
In 1985, subsection (1) was amended to apply to services performed "for an educational institution or institution of higher education." Or.Laws 1985, ch. 748, § 2. Simultaneously, to accommodate the expanded application of subsection (1), the restriction to educational institutions was deleted from subsection (4) as well as from subsections (1)(a), (1)(b), (2)(a), and (2)(b). Rather than repeating "educational institution or institution of higher education," the legislature substituted the generic term "institution" to encompass both types of institutions. Accordingly, we hold that "in an institution" in ORS 657.221(4) means "in an educational institution or institution of higher education." That conclusion is bolstered by the fact that, by its own terms, subsection (4) applies to "any services described in subsection (1)."
We next address whether Outdoor School is an educational institution. Although education service districts themselves are not educational institutions, McIntyre v. Employment Division, supra, 41 Or.App. at 194, 598 P.2d 313, a facility operated by an education service district may be an educational institution. ORS 657.010(16) defines an educational institution as one:
"(a) In which participants, trainees or students are offered an organized course of study or training designed to transfer to them knowledge, skills, information, doctrines, attitudes or abilities from, by or under the guidance of an instructor or teacher; and
"(b) Which is accredited, registered, approved, licensed or issued a permit to operate as a school by the Department of Education or other government agency, or which offers courses for credit that are transferable to an approved, registered or accredited school; and
"(c) In which the course or courses of study or training which it offers may be academic, technical, trade or preparation for gainful employment in a recognized occupation; and
"(d) In which the course or courses of study or training are offered on a regular and continuing basis."
Outdoor School meets those requirements. It offers students an organized academic course of study designed to transfer the instructor's knowledge to them; students receive academic credits for their study at Outdoor School; and Outdoor School courses are offered on a regular and continuing basis.
Claimant's services as a cook at Outdoor School are, therefore, performed "for" and "in" an educational institution.[1] Because claimant has received reasonable assurance that she will be rehired, she is not eligible for benefits during the summer vacation period. ORS 657.221(1)(a); (4).
Reversed and remanded for reconsideration.
NOTES
[1] EAB suggests that the phrase "in an institution" requires that the services be provided indoors. We reject the suggestion. An institution need not have walls and a roof.