Anthony D. SPARROW, Relator,

v.

**INDEPENDENT SCHOOL DISTRICT 272, Commissioner of Economic Security, Respondents.**

No. C5-95-94.

Court of Appeals of Minnesota.

July 18, 1995.

Anthony D. Sparrow, relator, Minneapolis, pro se.

Kent E. Todd, St. Paul, for respondents.

Considered and decided by KALITOWSKI, P.J., TOUSSAINT, C.J., and RANDALL, J.

## OPINION

KALITOWSKI, Judge.

A Commissioner's representative with the Department of Economic Security concluded that because Anthony Sparrow was a part-time school bus driver for the Richfield School District, he was not eligible to receive reemployment insurance benefits between the 1993 and 1994 school years based on wages he earned during his base period in previous employment as a full-time custodian for respondent Eden Prairie School District. We reverse.

## FACTS

Anthony Sparrow was employed by respondent Eden Prairie School District (Eden Prairie) between 1987 and 1993 as a full-time custodian. Sparrow was also employed by the Richfield School District (Richfield) as a part-time bus driver.

Eden Prairie discharged Sparrow in May 1993 for reasons other than misconduct. Upon his discharge, Sparrow applied for reemployment insurance benefits. Sparrow continued to work part time for Richfield as a bus driver.

The Department of Economic Security (Department) determined that Sparrow's base period consisted of the four calendar quarters of 1992.[1] The Department concluded that Sparrow was eligible for reemployment benefits based on his 1992 base period employment with Eden Prairie and Richfield. After making appropriate deductions for Sparrow's current employment, the Department paid Sparrow benefits for his entire benefit year of June 1993 through May 14, 1994.[2]

When his benefit year expired on May 14, 1994, Sparrow filed a new claim for benefits. The Department determined that Sparrow's new base period consisted of the four calendar quarters of 1993. Sparrow had worked for Eden Prairie during the first and second calendar quarters of his 1993 base period until he was discharged in May 1993. Sparrow had also worked for Richfield as a part-time bus driver in each of the four calendar quarters in 1993.

The Department determined that Sparrow's wages from Richfield during the 1993 school year could not be considered when determining Sparrow's reemployment benefits, because he had a reasonable assurance of reemployment with Richfield during the 1994 school year. This determination is not challenged on appeal.

With regard to the issue on appeal, the Commissioner's representative concluded that Sparrow's wages from Eden Prairie could not be considered when determining his entitlement to reemployment benefits between the 1993 and 1994 school years, because Sparrow had a reasonable assurance of reemployment with Richfield in the 1994 school year.

## ISSUE

When determining a school employee's claim for reemployment benefits between two

---

1. *See* Minn.Stat. § 268.04, subd. 2 (1992) (defining "base period" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year").

2. *See* Minn.Stat. § 268.04, subd. 4 (1992) (defining "benefit year" as "the period of 52 calendar weeks beginning with the first day of the first week with respect to which the individual files a valid claim for benefits").

successive school years, may the Department consider base period wages earned from dissimilar school employment from which the employee was permanently discharged?

## ANALYSIS

■ The purpose of the reemployment insurance statutes is to provide benefits to those persons who are "unemployed through no fault of their own." Minn.Stat. § 268.03 (1992).

Thus, the statute contemplates that there will be a severance of an employment relationship and loss of wages prior to a person being eligible for [reemployment insurance] benefits.

*Olson v. Special Sch. Dist. No. 1,* 309 N.W.2d 325, 326 (Minn.1981).

■ Generally, a break between successive school years is not a severance of the employment relationship warranting reemployment insurance benefits. Minn.Stat. § 268.08, subd. 6(b) (Supp.1993). Thus, because Sparrow was a bus driver for Richfield during the 1993 school year and had a reasonable assurance of reemployment as a bus driver for the 1994 school year, he was ineligible for reemployment insurance benefits during the intervening summer months based on his employment as a bus driver.

Absent this exception for the period between academic years, however, the legislature has stated that teachers are subject to the general reemployment insurance statutes, and benefits are "payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other [employment]." Minn. Stat. § 268.08, subd. 6.

The Commissioner's representative, interpreting Minn.Stat. § 268.08, subd. 6(b), determined that Sparrow was not eligible to receive benefits during the summer between the 1993 and 1994 school years as a result of his prior base period employment with Eden Prairie. The Commissioner's representative concluded that because Sparrow was employed by Richfield as a part-time bus driver in 1993 and had a reasonable assurance of similar employment in 1994, his full-time base period employment as a custodian for Eden Prairie was irrelevant.

As support for this interpretation, the Commissioner cites *Dufka v. Employment Div.,* 87 Or.App. 254, 742 P.2d 624 (1987). In *Dufka,* an employee worked as a full-time teacher in Florida during the 1984 school year and moved to Oregon in the summer of 1985 where she obtained non-school employment as a receptionist in September 1985. *Id.* 742 P.2d at 625. In April 1986, she began working as a substitute teacher, and received a reasonable assurance of reemployment as a substitute teacher for the 1986 school year. *Id.* The employee lost her receptionist job in June 1986 and applied for unemployment benefits. *Id.* The court concluded that during the summer recess, the employee was disqualified from receiving benefits based on her services as a teacher in Florida, reasoning:

Petitioner's work as a full-time teacher in Florida was not performed in the "first of such [two successive] academic years"; rather, her substitute teaching services were the only school services performed in the academic year immediately preceding the recess, and it is that employment that disqualifies her from receiving benefits.

*Id.* at 626. We are not persuaded by this analysis.

■ The interpretation of a statute is a question of law "upon which this court is free to exercise its independent judgment." *Swanson v. Independent Sch. Dist. No. 625,* 484 N.W.2d 432, 434 (Minn.App.1992), *pet. for rev. denied* (Minn. June 30, 1992) (quoting *Toro v. Commissioner of Economic Sec.,* 356 N.W.2d 789, 791 (Minn.App.1984)). Thus, we are not bound by the Commissioner's interpretation of a statute. *Tuma v. Commissioner of Economic Sec.,* 386 N.W.2d 702, 707 (Minn.1986).

■ The purpose of statutory construction is to ascertain and effectuate the legislature's intent. Minn.Stat. § 645.16 (1992). If the terms of a statute are unambiguous, those terms may not be construed differently under the pretext of pursuing the "spirit" of the statute. *Swanson,* 484 N.W.2d at 434.

The specific language of the statute at issue here provides:

Subd. 6. **Services performed for state, municipalities, or charitable corporations.** Benefits based on service in employment * * * are payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter; except that

\*   \*   \*   \*   \*   \*

(b) With respect to *service performed* * * * for an educational institution, benefits shall not be paid on the basis of *these services* to any individual for any week which commences during a period between two successive academic years or terms if the individual performs *the services* in the first of the academic years or terms and there is a reasonable assurance that the individual will perform *the services* in the second of the academic years or terms.

Minn.Stat. § 268.08, subd. 6 (emphasis added). The Commissioner's representative interpreted "service performed," "these services," and "the services" as including any school service, whether for Richfield or Eden Prairie. We disagree.

■ Sparrow's service as a part-time bus driver for Richfield was the only service for which there was a reasonable assurance of reemployment in the upcoming academic year. This employment is substantially different from his previous employment as a full-time custodian with Eden Prairie. *See Johnson v. Independent Sch. Dist. No. 535, Rochester,* 291 N.W.2d 699, 701 (Minn.1980) (concluding that if character of teachers' employment in second academic year did not approximate or approach terms of employment in first academic year, teachers would be eligible to receive reemployment benefits during the intervening summer). Thus we conclude that Sparrow's service for Eden Prairie does not fit within the exception to eligibility, and Sparrow is eligible for benefits as a result of his base period employment with Eden Prairie.

The Commissioner's representative concluded that Sparrow's base period employment for Eden Prairie was irrelevant because it did not occur in the previous academic year and Minn.Stat. § 268.08, subd. 6 does not expressly refer to "base period employment." We disagree. The statute provides that absent the stated exceptions to eligibility, reemployment benefits are payable "on the same terms * * * as benefits payable on the basis of other service subject to this chapter." Minn.Stat. § 268.08, subd. 6. If Sparrow had been employed part time as a bus driver for a non-school employer after his employment with Eden Prairie was terminated, he would be eligible to receive benefits earned in his base period employment for Eden Prairie. Similarly, although Sparrow was employed as a part-time bus driver for a school district after he was discharged from his full-time custodial employment with Eden Prairie, he remains eligible to receive benefits earned in his base period employment with Eden Prairie.

### DECISION

Because the terms of Sparrow's employment with Richfield did not approximate or approach the terms of his employment with Eden Prairie, Sparrow is eligible for reemployment benefits based on wages earned during his base period employment with Eden Prairie.

**Reversed.**