Argued and submitted December 8, 1986, reversed and remanded September 9, 1987

KAUTZ,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 86-AB-514; CA A40154)

742 P2d 622

Paul B. Meadowbrook, Salem, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent School District 549C.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner, a school district employe, seeks review of the Employment Appeals Board's (EAB) denial of her claim for unemployment benefits during a regularly scheduled holiday recess. We reverse.

Petitioner worked for the Medford school district as a full-time teacher's aide for approximately eight years until she and 35 others were laid off on October 18, 1985, as a result of budget cuts. After the layoff, the school district notified the aides that it would give them temporary clerical work if such work should become available. Petitioner expressed a willingness to perform any job that was offered and worked as a substitute clerical employe for a total of 12 days between the time when she was laid off and the beginning of the holiday recess period on December 23, and was reasonably assured that the same or similar sporadic work would be available following the recess. She received unemployment compensation during that period, based on her teacher's aide salary, less the amounts that she earned. Her benefits were discontinued during the Christmas recess, December 23 to January 3, and then resumed on January 4, after the vacation. During the subsequent term, petitioner continued to fill in as a clerical worker. She worked for 12 days between the resumption of classes and the date of her hearing on this claim, February 12, 1986.

The question is how, if at all, ORS 657.221(3) applies to these facts. It provides:[1]

"With respect to any services described in subsection (1) of this section compensation payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is reasonable assurance that such individual will perform such services or any services described

---

[1] ORS 657.221 applies to employes performing services "in other than an instructional, research or principal administrative capacity * * *." Its counterpart for employes who perform instructional work is ORS 657.167. The referee and EAB assumed, without specifically addressing the question, that the applicable statute in this case is ORS 657.221. Petitioner does not contend otherwise. *Dufka v. Employment Division,* 87 Or App 254, 742 P2d 624 (1987) involves ORS 657.167 in a facially similar factual situation.

in ORS 657.167(1) in the period immediately following such vacation period or holiday recess."

Division denied petitioner's claim for benefits for the holiday recess. The referee reversed, concluding that the work performed by petitioner that entitled her to receive benefits was as a teacher's aide and that, because petitioner lacked a reasonable assurance that the school district would recall her to that position, she was entitled to benefits during the Christmas recess.[2] EAB reversed, concluding:

"We disagree with the referee and conclude that the claimant is not eligible for unemployment insurance benefits during the Christmas recess, to the extent the benefits are based upon non-instructional base year wage credits. The claimant was without employment during the weeks in issue because the school was in recess. She had reasonable assurance of work following the recess the same as or similar to work done before the recess. ORS 657.221 requires a denial (or reduction) of benefits."

ORS 657.221(3) limits the payment of unemployment compensation during holiday periods. It is apparent that the legislature intended to prevent regularly employed school personnel from receiving unemployment benefits during vacation periods if they are gainfully employed before the holiday recess and there is a reasonable assurance that they will perform the same or similar services immediately following the recess. *Kelly v. Employment Division,* 74 Or App 69, 74, 701 P2d 448, *rev den* 300 Or 111 (1985).

It is conceded that petitioner was entitled to unemployment benefits based on her salary as a teacher's aide and that her sporadic, part-time clerical work did not change her status as an unemployed person; her earnings simply reduced her unemployment benefits. It is also conceded that, if she had not been employed at all following her layoff, her unemployment benefits would have continued during the Christmas recess. If we were to accept EAB's application of ORS

_____

[2] "Reasonable assurance" is defined in OAR 471-30-075:

"With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

657.221(3), the result would be to penalize a laid-off school employe who is receiving unemployment benefits for seeking and accepting part-time work with the school district. That result makes no sense and is unfair, yet a literal application of the statute appears to require it *if* the statute is applicable to these facts.

We believe that the statute, on its face, assumes that a claimant is not an unemployed school employe receiving unemployment benefits immediately before the holiday recess. None of the authorities cited by the parties deals with this question. There is nothing in the statutory language that even suggests that the person might be unemployed at that time; in fact, the statute requires that the person be performing services immediately before the vacation period or holiday recess and be assured that such services will be performed immediately after the holiday or recess. To interpret that requirement to include sporadic part-time work, earnings from which are deducted from unemployment compensation to which the person is otherwise entitled, is not warranted and leads to an absurd result. Accordingly, we hold that ORS 657.221(3) is not applicable to these facts.

Reversed and remanded.