EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

CURRIN,
*Respondent.*

(87-AB-688; CA A44437)

749 P2d 609

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for petitioner. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The Employment Division (Division) seeks review of a decision of the Employment Appeals Board (EAB) which awarded benefits to claimant. At issue is whether claimant is entitled to unemployment benefits during a two-week regular school recess when she worked immediately preceding the recess in a noninstructional capacity in an on-call position for an educational institution and remained in that position after the recess. We reverse.

EAB found: Claimant was employed by Lane Community College (LCC) in a noninstructional capacity for about 20 years. Her permanent position was eliminated in June, 1986. LCC employed her in a temporary, noninstructional position from July 15 through October 15, 1986. She filed a claim for unemployment benefits on October 18, 1986. Her weekly benefit of $146 was based on her earnings at LCC. On December 11, 1986, she applied for noninstructional work with the Eugene Public School District (district) and was placed on the noninstructional substitute list. The district agreed to pay her $4.75 per hour. She was called to work from December 16, 1986, through December 29, 1986. The district observed a holiday recess from December 22, 1986, to January 2, 1987. Claimant remained on the substitute list and understood that she would be called to work after the recess. She was indeed called by the district but was never available for work.[1]

EAB concluded that the applicable statute, ORS 657.221, does not preclude claimant from receiving unemployment compensation during the recess. ORS 657.221 provides, in part:

"(1) Benefits based on services performed in other than an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter. However:

"* * * * *

---

[1] That finding is controverted by Division, which contends that claimant also worked after the recess.

"(3) With respect to any services described in subsection (1) of this section compensation payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is reasonable assurance that such individual will perform such services or any services described in ORS 657.167(1) in the period immediately following such vacation period or holiday recess."

EAB reasoned:

"[T]he issue to be resolved is whether the claimant is subject to a denial of benefits based upon services performed at Lane Community College. None of the benefits claimed were based upon services performed for the * * * [d]istrict. The wage credits upon which the claim is based were earned and are payable in the same amount on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to ORS Chapter 657. The claimant became permanently separated from that work and as a result, the exceptions to the payment of benefits do not apply to the wages she earned while working at Lane Community College."

Division contends that EAB erroneously interpreted the statute. It argues that the services performed by a claimant during the year which is the base year for computing unemployment benefits are irrelevant in determining eligibility for benefits under ORS 657.221(3). The facts that claimant worked in a noninstructional capacity immediately before the district recess and had reasonable assurance of returning to the same type of work after the recess make her ineligible for unemployment benefits in accordance with the statute.

In *Kautz v. Employment Division,* 87 Or App 241, 742 P2d 622 (1987), we held that disqualification under ORS 657.221(3) is applicable if a claimant is not an unemployed school employe immediately before a recess. "Unemployment" is defined in ORS 657.100(1) as follows:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual, or in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

Neither the referee nor EAB made an express finding about whether claimant was still "unemployed" according to ORS 657.100(1) when she worked for the district. The referee, however, made the following finding: "Claimant had no knowledge that the application for [on-call] work and subsequent performance of the work could affect her unemployment insurance benefits." The referee further stated: "The five days work she was given altered her status as an unemployed person for one week only." Claimant lost the status of an unemployed person by accepting and performing work for the district before the recess, and we conclude that ORS 657.221(3) is applicable.

We agree with Division that the only relevant inquiry under the statute is whether claimant performed services in a noninstructional capacity for an educational institution immediately before the holiday recess and whether there was reasonable assurance that she would perform such services immediately after the recess. It is immaterial that her unemployment benefits were based on her previous employment with another employer.

Because EAB found that claimant had worked for the district the week before the holiday recess and that she was reasonably assured of the same work after the recess, she was ineligible to receive unemployment compensation for the period of the recess.[2]

Reversed.

---

[2] *See Dufka v. Employment Division,* 87 Or App 254, 257-58, 742 P2d 624 (1987).