Argued and submitted December 9, 1987, reversed and remanded for reconsideration
February 10, 1988

# EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

# ASH,
*Respondent.*

## (87-AB-389-A; CA A44518)

749 P2d 1197

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The Employment Division (Division) seeks review of a decision of the Employment Appeals Board (EAB) which overruled the referee's decision and awarded unemployment benefits to claimant. We reverse and remand for reconsideration.

Claimant worked as a teacher's aide from September 25, 1984, to June 12, 1986. There was no summer employment available with the employer. Before the employment contract expired, employer inquired whether claimant "wished to return in the fall." Claimant responded that she would not be returning in the fall, because she would seek work in public schools either as a substitute or full-time teacher.

The referee concluded that claimant had left work voluntarily without good cause, ORS 657.176(2)(c), and denied her benefits.[1] EAB overruled the referee's decision on the basis that claimant was separated from her work on June 12, 1986, on the expiration of her contract; because employer had no work for her immediately after that date, EAB concluded that claimant was not disqualified from unemployment compensation.

Division contends that EAB incorrectly analyzed the facts, failed to consider the law applicable to school employes and improperly excluded from its consideration the issue of whether claimant was offered work in the next school year.[2] It argues that claimant had a reasonable assurance of continuing work for employer and was, under the applicable statute, ineligible for unemployment compensation during the summer vacation.

We agree with Division that claimant's elegibility for unemployment compensation during the summer vacation

---

[1] The referee apparently concluded that claimant's response to the inquiry was equivalent to a voluntary decision not to return after her contract expired and, therefore, did not need to reach the question of whether the inquiry was an offer of employment.

[2] The pertinent part of EAB's decision is:

"There is some question about an offer of work in the future as the employer wanted to know if the claimant would be interested in returning to work in the fall and the claimant's indication that she would not be willing to return. That issue is not before us."

should be determined according to ORS 657.167 or ORS 657.221, which apply to employes in educational institutions.[3] Under those statutes, such employes are ineligible to receive unemployment benefits during regular vacation periods if they are employed before a recess period and there is a reasonable assurance that they will perform the same or similar services after the recess. "Reasonable assurance" is defined in OAR 471-30-075 as

"a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term or in the period immediately following a recess period."

We also agree that the dispositive issue here is whether claimant received reasonable assurance of continuing work as a teacher's aide after the vacation period and, despite that assurance, declined the offer or whether, without an offer, she voluntarily quit at the end of her contract. We do not agree, however, that the findings necessarily support the conclusion that claimant had a reasonable assurance of further work.

■ ■  To find a reasonable assurance, the totality of the employment relationship must be examined. *Slominski v. Employment Div.,* 77 Or App 142, 147, 711 P2d 215 (1985). EAB did not make adequate findings on the dispositive issues. In particular, it failed to find whether employer's inquiry as to whether claimant wished to return in the fall amounted to a reasonable assurance of continued employment on the same or similar basis as before the expiration of the contract. If it did not, it should address the issue considered by the referee of whether claimant's statement that she would not accept continued employment amounted to a voluntary termination without good cause. Therefore, we reverse EAB's decision and remand for reconsideration.

Reversed and remanded for reconsideration.

---

[3] ORS 657.167 applies to persons employed in instructional, research or principal administrative capacity, and ORS 657.221 applies to other personnel in educational institutions. *See also Kautz v. Employment Division,* 87 Or App 241, 243 n 1, 742 P2d 622 (1987).