Argued and submitted February 11, reversed and remanded for reconsideration
March 9, 1994

Margaret HUTCHINSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Portland Community College,
*Respondents.*

(EAB 93-AB-468; CA A79218)

870 P2d 847

Amy R. Kent argued the cause for petitioner. With her on the brief was Bennett & Hartman.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent Employment Division. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Craig R. Armstrong waived appearance for respondent Portland Community College.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner seeks review of an Employment Appeals Board (EAB) order that suspended her unemployment compensation benefits during the 1992 summer recess. We reverse.

Petitioner began receiving benefits in August, 1991, after she was laid off from her position as a full-time teacher at Hillsboro Union High School.

During the 1991-92 academic year, she worked sporadically as an advisor at Portland Community College (PCC). Her gross weekly earnings were always less than her weekly unemployment benefits. Therefore, she remained "unemployed" for purposes of ORS 657.100(1).[1] Her benefits during that year were offset by her earnings at PCC.

Near the end of the 1991-92 academic year, PCC sent petitioner a notice that sporadic work as an advisor would be available to her in the 1992-93 academic year. Petitioner continued to work sporadically as an advisor during the summer recess (June 13-September 21), and also taught a college learning and study skills course. With the exception of the period June 14, 1992, to July 4, 1992, petitioner's earnings at PCC never exceeded the amount of her weekly benefits. She continued to receive unemployment compensation benefits based on her prior full-time employment, less amounts earned through her part-time work at PCC.

In August, 1992, Division informed petitioner that she was disqualified from receiving benefits during the 1992 summer recess. Following a hearing, the referee reversed. EAB reversed the referee. It concluded that petitioner was disqualified from receiving benefits during the summer recess under ORS 657.221(1)(a), which provides:

"(1) *Benefits based on services performed in other than an instructional, research or principal administrative capacity* for an educational institution or institution of higher

---

[1] ORS 657.100(1) provides:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual, or in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter. However:

"(a) *Benefits shall not be paid on the basis of such services* for any week of unemployment which commences during a period between two successive academic years or terms if the individual performs *such services* in the first academic year or term and there is a reasonable assurance that the individual will perform *any such services* in the second academic year or term for any institution[.]" (Emphasis supplied.)

EAB held that the plain language of the statute requires that petitioner be disqualified from benefits during the summer recess. That was error. In *Kautz v. Employment Division*, 87 Or App 241, 742 P2d 622 (1987), we held that under the plain language of ORS 657.221(3), the petitioner was not disqualified from receiving unemployment benefits, because her benefits were based on her previous employment. The same reasoning applies here. Under the plain language of ORS 657.221(1)(a), petitioner is not disqualified from receiving unemployment benefits during summer recess, because her benefits were based on her previous full-time position, not on the services she performed at PCC.[2] Assurance that her sporadic duties at PCC would continue in 1992-93 does not affect the basis on which she is entitled to benefits. EAB erred in applying ORS 657.221(1)(a) to the facts of this case.

Reversed and remanded for reconsideration.

---

[2] If petitioner's benefits had been based on her services to PCC, this would be a different case.