Argued and submitted July 13, reversed and remanded for reconsideration
October 18, 1995

SALEM-KEIZER SCHOOL DISTRICT #24J,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Robert F. Wunsch,
*Respondents.*

(94-AB-978; CA A84601)

904 P2d 1082

Conrad E. Yunker argued the cause for petitioner. With him on the brief was Kevin L. Mannix, P.C.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent Employment Department. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Respondent Robert F. Wunsch, *pro se*, waived appearance.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Salem-Keizer School District #24J (district) seeks review of Employment Appeals Board's (EAB) final order granting unemployment benefits during the district's winter recess to claimant Wunsch, a substitute teacher.[1] We reverse.

The facts are not in dispute. Claimant worked more than 11 years as a teacher at Salem Academy, a private school, until January 29, 1993. On February 1, 1993, he filed for unemployment benefits and eventually began collecting a weekly benefit of $271. Later that year, district placed claimant on its substitute teacher list, and he earned $434.40 in that position the week immediately before district's regular winter recess. District at that time notified claimant that he would remain on the substitute teacher list for work after the break. Claimant did not work during winter recess, which ran from December 20, 1993 to January 2, 1994, but returned as a substitute teacher when school resumed.

Claimant then sought benefits covering the recess period, which Employment Department (department) denied. Claimant appealed. The hearings officer agreed with department and disqualified claimant under ORS 657.167(2), which governs payment of unemployment benefits to teachers during school holidays. EAB reversed, basing its interpretation of ORS 657.167(2) on our holding in *Hutchinson v. Employment Div.*, 126 Or App 717, 870 P2d 847 (1994). EAB reasoned that, because claimant's benefits "were based on" his previous full-time employment at Salem Academy, and because he had no "reasonable assurance of work as a full-time teacher" after the winter recess, ORS 657.167(2) did not disqualify him from receiving holiday benefits. District assigns as error EAB's interpretation of *Hutchinson* and consequently its construction and application of the statute. We agree with district that ORS 657.167(2) disqualifies claimant from holiday benefits because he was "employed" immediately before winter recess and received reasonable assurance of similar "full-time" work afterward.

---

[1] Employment Department adopts district's position in its respondent's brief and raises the identical assignment of error in its separately filed petition for review. *See Employment Dept. v. Wunsch*, 137 Or App 349, 904 P2d 1085 (1995).

■    The construction and application of ORS 657.167 is a question of law, which we review *de novo*. *Friedlander v. Employment Division*, 66 Or App 546, 551, 676 P2d 314 (1984). ORS 657.167 provides, in part:

"(1)   Benefits based on service in an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter and ORS chapter 657A[.]

"(2)   With respect to any services described in subsection (1) of this section compensation payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is reasonable assurance that such individual will perform such services or any services described in ORS 657.221(1) in the period immediately following such vacation period or holiday recess."

■■    Central to any holiday benefits analysis is the claimant's employment status immediately before the recess. ORS 657.167(2) does not apply to disqualify benefits if the claimant is "unemployed" at that time. *Employment Division v. Currin*, 89 Or App 433, 436-37, 749 P2d 609 (1988); *Kautz v. Employment Division*, 87 Or App 241, 245, 742 P2d 622 (1987). Under ORS 657.100(1), a claimant is deemed "unemployed" for any week in which he performs no services for pay, or in which he performs services but earns less than the weekly unemployment benefit.[2] Accordingly, if a claimant is "employed,"[3] ORS 657.167(2) applies, and the only relevant inquiry is whether the claimant performed services immediately before the recess and received

---

[2] ORS 657.100(1) provides:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual, or in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

[3] Because ORS 657.100(1) only defines the term "unemployed," a claimant who does not satisfy that definition is technically "not unemployed." However, for the sake of clarity, we refer to those claimants simply as "employed."

reasonable assurance[4] of performing similar services afterward. *Currin*, 89 Or App at 437.

In *Kautz*, ORS 657.221(3) did not apply to disqualify the claimant's holiday benefits because her part-time clerical work for a school district immediately before its winter recess "did not change her status as an unemployed person[.]" 87 Or App at 244. Reasonable assurance of returning after the break was therefore irrelevant. *Id.* In *Currin*, we applied ORS 657.221(3) to disqualify the claimant's holiday benefits because "she lost the status of an unemployed person" by working five days the week immediately before winter break and because her continued placement on the substitute list amounted to "reasonable assurance" of returning after. 89 Or App at 435-37.[5]

■    Here, as in *Currin*, claimant was "employed" immediately before winter break, as defined by ORS 657.100(1). Claimant performed instructional services as a substitute teacher for district, an educational institution, and his pay of $434.40 that week exceeded his weekly benefit amount of $271. Therefore, under *Kautz* and *Currin*, ORS 657.167(2) applies. His continued placement on the substitute list, as in *Currin*, constitutes "reasonable assurance" of returning after the recess. EAB should have denied claimant winter recess benefits under ORS 657.167(2).

EAB added a new factor to the analysis based on its reading of *Hutchinson*. There, we held that ORS 657.221-(1)(a)[6] did not apply to deny the claimant summer recess

_____

[4] "Reasonable assurance" is defined in OAR 471-30-075:

"With respect to the application of ORS 657.167 and ORS 657.221, 'reasonable assurance' means a written contract, written notification, or any agreement, express or implied, that the employe will perform services in the same or similar capacity for any educational institution during a subsequent academic year or term in the period immediately following a recess period."

[5] We note that both *Kautz* and *Currin* construed ORS 657.221(3), the "counterpart" to ORS 657.167(2) for noninstructional employees. *Kautz*, 87 Or App at 243 n 1. However, the material provisions of both sections are identical, and the definition of "reasonable assurances" under OAR 471-30-075 applies to both. Because we find no discernible reason for treating instructional and noninstructional employees differently for purposes of holiday benefits, the *Kautz/Currin* analysis outlined above applies equally to ORS 657.167(2).

[6] ORS 657.221(1)(a) provides in part:

"Benefits shall not be paid on the basis of such services for any week of unemployment which commences during a period between two successive

benefits "because her benefits were based on her previous full-time position, not on the [part-time] services she performed" for a community college before the recess. *Hutchinson*, 126 Or App at 720. Any assurances of returning to the same part-time sporadic work after summer recess, we concluded, did not affect the basis of her benefits. *Id.*

EAB interpreted that analysis to mean that ORS 657.167(2) did not disqualify claimant simply because his benefits "were based on" his previous full-time employment at Salem Academy and because he received no assurances of a full-time teaching position after the break. EAB misread *Hutchinson.*

We did not intend in *Hutchinson* to make the source of a claimant's benefits the controlling factor, as EAB did in this case. We explicitly rejected that approach in *Currin*, 89 Or App at 437, and we do so again here. What was central to *Hutchinson* was not that the claimant's benefits "were based on" her previous full-time employment, but rather that she was "unemployed" immediately before summer break. 126 Or at 719. Unlike claimant here, the claimant in *Hutchinson* never earned more than her weekly benefit amount during the pre-recess period. *Id.* In holding that she was not disqualified because "her benefits were based on her previous full-time position," we merely meant that her weekly benefit amount was *calculated* based on her previous full-time position and that her pre-summer earnings never exceeded that amount. Therefore, ORS 657.221(1)(a) simply did not apply. That is consistent with the "unemployed person" threshold analysis of both *Kautz* and *Currin*.

In *Hutchinson*, we did not intend "full-time" to mean "permanent," as EAB apparently understood it, but rather to mean "employed," as defined by reference to ORS 657.100(1). Although claimant here did not receive assurance of "permanent" employment similar to his previous position at Salem Academy, he was assured of "full-time" work similar to the services he performed immediately before winter

academic years or terms if the individual performs such services in the first academic year or term and there is a reasonable assurance that the individual will perform any such services in the second academic year or term for any institution[.]"

recess. Therefore, EAB erred in granting claimant holiday benefits when ORS 657.167(2) required disqualification.

Reversed and remanded for reconsideration.