CA A91619 and A91620 argued and submitted February 24; CA A86537 and A86643 submitted on records and briefs February 24, reversed and remanded March 26, 1997

EMPLOYMENT DEPARTMENT,
*Petitioner,*

*v.*

Ella E. BIRES,
Central Point School District, Eagle Point School District and Medford School District,
*Respondents.*

MEDFORD SCHOOL DISTRICT,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Ella E. Bires,
*Respondents.*

EMPLOYMENT DEPARTMENT,
*Petitioner,*

*v.*

Lorraine GOODMAN,
Eugene School District #4J, Springfield School District #19, Junction City School District #69, Lane County School District #52, Pleasant Hill School District #1, Crow-Applegate School District #6 and Lowell School District #71,
*Respondents.*

SPRINGFIELD SCHOOL DISTRICT #19,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lorraine Goodman,
*Respondents.*

(94-AB-2381, 96-AB-97, 94-AB-2438, 96-AB-95; CA A86537 (Control), A91620, A86643, A91619) (Cases Consolidated)

935 P2d 1214

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent Employment Department. With him on the briefs for respondent/petitioner Employment Department were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Respondent Lorraine Goodman filed a brief *pro se*.

No appearance for respondents Ella E. Bires, Central Point School District, Eagle Point School District, Eugene School District #4J, Junction City School District #69, Lane County School District #52, Pleasant Hill School District #1, Crow-Applegate School District #6 and Lowell School District #71.

Before Riggs, Presiding Judge, and De Muniz* and Leeson, Judges.

* De Muniz, J. *vice* Landau, J.

LEESON, J.

## LEESON, J.

Petitioners[1] seek review of final orders of the Employment Appeals Board (EAB) holding that claimants Ella Bires and Lorraine Goodman were not disqualified from receiving unemployment compensation benefits during the summer recess of 1994. We address only whether EAB erred in holding that, even in cases involving periods between academic years, EAB is required to make a "threshold inquiry" to determine whether claimants were unemployed immediately before the summer recess. We reverse and remand.

■ The construction and application of the relevant statute, ORS 657.167, is a question of law. *Salem-Keizer School Dist. #24J v. Employment Dept.*, 137 Or App 320, 323, 904 P2d 1082 (1995) (*Wunsch*). ORS 657.167 provides, in part:

"(1)  Benefits based on service in an instructional, research or principal administrative capacity for an educational institution or institution of higher education shall be payable to an individual in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years or, when an agreement provides instead for a similar period between two regular terms whether or not successive * * * and if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any institution in the second of such academic years or terms. * * *

"(2)  With respect to any services described in subsection (1) of this section compensation payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such

---

[1] Petitioners are the Employment Department, the Medford School District and Springfield School District # 19. The school districts were two of the public school districts for whom Goodman and Bires worked as substitute teachers during the 1993-94 school year.

vacation period or holiday recess, and there is reasonable assurance that such individual will perform such services * * * in the period immediately following such vacation period or holiday recess."

In *Wunsch*, we addressed whether the claimant was disqualified under ORS 657.167(2) from receiving unemployment benefits during a district's winter holiday recess. We held that he was disqualified, because he had been "employed" for purposes of ORS 657.100(1)[2] immediately before the winter recess. *Wunsch*, 137 Or App at 324. We also sought in *Wunsch* to correct EAB's misreading of our interpretation of ORS 657.167(1) in *Hutchinson v. Employment Div.*, 126 Or App 717, 870 P2d 847 (1994). We explained that

"[w]hat was central to *Hutchinson* was not that the claimant's benefits 'were based on' her previous full-time employment, but rather that she was 'unemployed' [for purposes of ORS 657.100(1)] immediately before summer break." *Wunsch*, 137 Or App at 325.

Our purpose in that sentence was to clarify the meaning of the term "unemployment" as it affected the analysis in *Hutchinson*. *See Employment Division v. Currin*, 89 Or App 433, 436-37, 749 P2d 609 (1988); *Kautz v. Employment Division*, 87 Or App 241, 244-45, 742 P2d 622 (1987) (explaining statutory meaning of "unemployed"). EAB, focusing solely on the phrase "immediately before summer break," concluded that "the court has interpreted ORS 657.167(1) in a manner which requires, just as it does with ORS 657.167(2), an examination of the employment status of the claimant immediately before the period at issue." Consequently, EAB held that "even in cases involving periods between academic years, *we must make a threshold inquiry*[ ] *to determine whether the claimant is unemployed immediately before the break.*" (Emphasis supplied.)

Petitioners argue that EAB's "threshold inquiry" contravenes the express provisions of ORS 657.167, ignores

---

[2] ORS 657.100(1) provides:

"An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual, or in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

case law construing ORS 657.167, and misreads and misapplies our decision in *Wunsch*. Petitioners are correct.

■       By their terms, ORS 657.167(1) and (2) describe different recess periods for purposes of determining whether a claimant is disqualified from receiving benefits. The relevant period for determining disqualification under ORS 657.167(1) is the academic year or term preceding the summer recess. *See Slominski v. Employment Div.*, 77 Or App 142, 146, 711 P2d 215 (1985) ("ORS 657.167(1) refers to services performed during the entire academic year preceding the recess."). Nothing in our analysis in *Wunsch* was intended to suggest that the relevant period for ORS 657.167(2)—the week immediately before a holiday recess—should be a "threshold inquiry" for determining a claimant's employment status for the purposes of ORS 657.167(1).

This case involves claimants' entitlement to unemployment benefits during the 1994 summer recess. Consequently, ORS 657.167(1) applies and the relevant period is the academic year or term preceding that recess. EAB erred in imposing a "threshold inquiry" to determine whether claimants were unemployed immediately before the 1994 summer recess.

Reversed and remanded.